## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**RAJENDRA D. BADGAIYAN, M.D.,**

        **Plaintiff,**

**v.**

**ANTHONY J. PRINCIPI, Secretary,**
**Department of Veterans' Affairs; President**
**and Fellows of HARVARD COLLEGE; and**
**Grace J. Mushrush, M.D.,**

        **Defendants**

**Case No. 04-12031 PBS**

### DEFENDANT PRESIDENT AND FELLOWS OF HARVARD COLLEGE'S
### MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS
### COUNTS I, II, III and IV OF PLAINTIFF'S AMENDED COMPLAINT

Defendant President and Fellows of Harvard College ("Harvard University") moves to dismiss Counts I, II, III and IV of the Plaintiff's Amended Complaint and Demand for Jury Trial (the "Complaint")[1] filed by Rajendra D. Badgaiyan, M.D. ("Plaintiff") in the above-captioned case. Counts I, II and III must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), or in the alternative 12(b)(6), due to Plaintiff's failure to allege and file an administrative charge with the Equal Employment Opportunity Commission ("EEOC") against Harvard University and thus exhaust the Title VII statutory prerequisites of 42 U.S.C. 2000e-5. Count IV of the complaint must be dismissed against Harvard University pursuant to Fed. R. Civ. P. 12(b) (6) for failure to state a claim upon which relief may be granted.

---

[1] References to the Plaintiff's Amended Complaint will appear as "(Pl. Am. Compl ¶ )."

## Factual Background

The Plaintiff alleges that in 1999, approximately five years before the date of his amended complaint, he enrolled in the Harvard South Shore Psychiatric Residency Training Program of the Department of Veterans' Affairs, an agency of the United States government. Harvard University is a private charitable corporation that is affiliated with the VA Boston Healthcare System, a health and research organization that is part of the Department of Veteran's Affairs. Plaintiff claims that shortly after his enrollment in 1999, he experienced discrimination on the basis of his national origin (Count I). He also alleges that he was subjected to a hostile work environment (Count II); retaliation (Count III); and breach of (implied) contract (Count IV). As to the individual defendant Dr. Grace Mushrush, the plaintiff also claims intentional interference with advantageous relations (Count V); defamation (Count VI); and intentional infliction of emotional distress (Count VII). The Plaintiff contends that Dr. Mushrush, a Department of Veteran's Affairs (the "VA") employee who holds a faculty appointment with Harvard Medical School, is responsible for the violations and apparently, that Harvard University, the VA and the other defendants are liable for her alleged conduct as to Counts I, II, III and IV of his Complaint.

## Argument

Plaintiff's three Title VII causes of action (Counts I, II & III) against Harvard University must be dismissed due to Plaintiff's complete failure to file a charge with the EEOC, and thus exhaust the statutory prerequisites to suing under Title VII. Two separate theories mandate dismissal. First, the Court lacks subject matter jurisdiction because the Plaintiff did not first exhaust his EEO remedies. Second, Plaintiff does not state a claim upon which relief may be granted, having failed to allege that he met the statutory prerequisites for a Title VII suit.

2

Plaintiff's contract claim (Count VI) must be dismissed because it fails to state a claim upon which relief can be granted.

I.     **Counts I, II and III Must Be Dismissed Because the Court Lacks Jurisdiction Where the Plaintiff Has Failed Completely To Exhaust His Statutory EEO Remedies.**

The Plaintiff is required to file his charge timely with the EEOC before commencing a civil action asserting a Title VII violation.  42 U.S .C. § 2000e-5(f) (1) (1994); *Lattimore v. Polaroid Corp.*, 99 F.3d 456, 464 (1st Cir.1996); *Clockedile v. New Hampshire Dept. of Corrections*, 245 F.3d 1, 6 (1st Cir. 2001).  Courts have long recognized that the EEOC charge-filing requirement is a prerequisite to suit against a private employer.  *See National Passenger Railroad Corp. v. Morgan*, 536 U.S. 101, 108-109 (2002)("Title 42 U.S.C. §  2000e-5(e)(1) is a charge filing provision that 'specifies with precision' the prerequisites that a plaintiff must satisfy before filing suit")(*quoting Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47 (1974)). The purpose of the requirement to file an administrative charge is "to provide the employer with prompt notice of the claim and to create an opportunity for early conciliation."  *Lattimore v. Polaroid Corp.*, 99 F.3d at 464.

Failure to adequately set forth a discrimination claim at the agency level generally warrants dismissal for lack of jurisdiction.  *Kenney v. MML Investors Services, Inc.,* 266 F.Supp.2d 239, 245 (D.Mass. 2003); *see e.g. Lattimore v. Polaroid Corp.,* 99 F.3d at 464; *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996) (distinguishing between a failure to file a *timely* administrative charge, which is not a jurisdictional pursuant to *Zipes v. TWA, Inc.,* 455 U.S. 385 (1982), and a failure to filed an administrative charge at all, which is a jurisdictional bar).  In both *Lattimore* and *Kenney*, the courts found that because plaintiffs' claims were beyond the

scope of the administrative charge, they were jurisdictionally barred for failure to exhaust. *Kenney v. MML Investors Services, Inc.,* 266 F.Supp.2d at 246 ("the court is constrained to conclude that most of Plaintiff's present claims are jurisdictionally barred for failure to exhaust"); *Lattimore v. Polaroid Corp.,* 99 F.3d at 465 (court entered summary judgment where harassment claims were beyond scope of EEO charge).

The Plaintiff's EEOC exhaustion requirement applies notwithstanding his concurrent obligation to exhaust federal sector EEO procedures with respect to the federal co-defendant, Secretary Principi and the VA.  See 29 C.F.R. § 1614.105(a) (outlining federal sector EEO discrimination complaint procedures);  s*ee Lebron-Rios v. U.S. Marshal Service, et al,* 341 F.3d 7, 15-16 (1st Cir. 2003)(modifying dismissal to without prejudice against private contractor where plaintiff failed to file with EEOC, and directing the District Court also to consider government defendant's motion to dismiss for failure to exhaust federal sector EEO procedures); *Pollock v. Chertoff,* 2005 WL 674692, *4, n. 4 (W.D.N.Y. March 24, 2005)(dicta indicating that court previously dismissed Title VII claims against private-sector defendant because plaintiff failed to file a timely administrative charge with the EEOC; and granting the federal-sector defendant's motion for summary judgment for failure to exhaust federal sector EEO remedies).

In this case, Plaintiff has failed entirely to file a charge against Harvard University with either the EEOC or Massachusetts Commission Against Discrimination ("MCAD").  His Complaint is bereft of any allegation that Plaintiff received a right to sue letter from either agency.   Harvard University received no notice of Plaintiff's discrimination charge until this civil action was instituted.  Since, it was not given any substantial notice, Harvard University has had no meaningful opportunity to respond to or conciliate Plaintiff's claims, the very purpose of Title VII's administrative requirement.  Since the pleadings make clear that Plaintiff has not met

his exhaustion obligations under 42 U.S.C. § 2000e-5, this case must be dismissed on jurisdictional grounds.

**II.     Counts I, II and III Must Be Dismissed Because Plaintiff Failed to State a Claim That He Exhausted Administrative Remedies Before Filing Suit.**

The Plaintiff's Title VII claims must also be dismissed because he has failed to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b) (6).  As noted above, it is apparent from the Complaint that the Plaintiff neglected to file a charge with the EEOC or MCAD or obtain a right-to-sue letter before initiating his Title VII civil action.  *See* 42 U.S.C. 2000e-5(e)(1); *Lebron-Rios v. U.S. Marshal Service, et al*, 341 F.3d 7, 15-16 (1st Cir. 2003)(reversing dismissal with prejudice where plaintiff failed to file with EEOC, and remanding for dismissal without prejudice for failure to exhaust).  As would be expected, the Plaintiff has also failed to plead that he met any of the statutory exhaustion prerequisites.  That is, he has not alleged that he filed a charge with the EEOC or  the MCAD; he makes no claim that he filed any such charge timely; and he does not aver that he received a right-to-sue letter.[2] For each of these reasons, he has not adequately stated a Title VII claim.  42 U.S.C. 2000e-5; Fed. R. Civ. CP. 12(b) (6).

Because Plaintiff failed to state a claim as to his Title VII exhaustion procedure,  this Court must dismiss Counts I, II and III of the Plaintiff's complaint against Harvard University. Fed. R. Civ. P. 12(b) (6).

---

[2] The Plaintiff also failed to adequately allege that he met his federal-sector exhaustion requirements with respect to the co-defendant Department of Veteran's Affairs, pursuant to 29 C.F.R. §§ 101, 105 and 1614.

### III.   Plaintiff's Breach of Contract Claim Fails To State A Claim Because He Alleges No Facts That Could Support the Formation of an Enforceable Contract.

Count IV of the Complaint alleging breach of contract must be dismissed because Plaintiff has failed to allege adequately that a contract was either formed or breached, or otherwise state a claim upon which relief can be granted.  Fed. R.Civ. P.12(b)(6).  The Plaintiff claims only that he was enrolled in "Harvard South Shore Psychiatry Residency Training Program (the "program"), operated at the facility in cooperation with defendant Secretary Principi's Department of Veterans Affairs."  (Pl. Am. Compl. ¶ 14).  He asserts "[o]n information and belief" that:

> "Secretary Principi and Harvard have adopted rules and regulations regarding conduct which set out policies covering how participants in the program should conduct themselves and, among other subjects, appropriate practices for how participants in training programs should be treated, including how such participants should be informed of their progress and performance in those programs; and how disciplinary action should be taken against a participant."  (Pl. Am. Compl. ¶¶ 68 and 69).

The Plaintiff contends that the Defendants breached this contract in two ways.  First, he alleges that he was not "informed of [his] progress," a breach of a promise which had  "imposed obligations of a contractual nature on the defendants."  (Pl.'s Am. Compl. ¶ 71).  Second, Plaintiff claims that the Defendants failed "to comply with the regulations, guidelines and rules they had adopted concerning how participants in the program should conduct themselves," (Pl. Am. Compl. ¶ 72).  The second claim warrants only brief discussion because it is facially defective; Plaintiff claims that the Defendants failed to comply with guidelines and rules "governing participants in the program" but does not allege that another participant in the program conducted him or herself improperly.   Instead, he describes misconduct only on the part of the director of the program.  (Pl. Am. Compl. ¶ 6, *et seq*.).  *See Snow v. B. E. & K*

6

*Constr. Co.* 126 F. Supp.2d 5, 12-13 (D. Me. 2001) (party seeking to prove existence of implied

contract was required to establish all traditional contract elements, including consideration,

mutual assent, and definiteness).

   With respect to his first theory of breach, the Plaintiff faces the burden of alleging and

proving the existence of a contract, where one is generally presumed not to exist. *Hinchey v.*

*NYNEX Corp.,* 144 F.3d 134, 141 (1st Cir. 1998) (employment is presumed to be at-will unless

there is a written or implied contract). An implied contract with an employer arises when

policies are presented to employees in such a way as to instill a reasonable belief in the

employees that they are terms and conditions of employment. *O'Brien v. New England Tel. &*

*Tel. Co*., 422 Mass. 686, 691 (1996). When determining whether certain policies constituted

terms and conditions of employment, the inquiry is focused on the provisions of the policies, as

well as the means by which they were circulated and distributed to employees. *Id.* at 686.

   There is no factual averment in the Complaint of how Harvard University or any

defendant produced, circulated, and/or communicated these provisions to Plaintiff, which would

permit a reasonable fact-finder to determine that Harvard University provided the Plaintiff with

any contractual terms upon which he could rely. *See Pearson v. John Hancock Mutual Life Ins.*

*Co.,* 979 F.2d 254 (1st Cir. 1992). By way of example, the First Circuit, holding that an

employment manual did not create an implied contract, noted that the manual provided a

description of policies and procedures and did not contain firm commitments; there had been no

negotiations over the contents; and the manual did not contact any term of employment. *Id.*

Plaintiff also has failed to allege that he relied on the contract terms (if they can even be

characterized as such). In fact, he makes no colorable allegations that describe terms that are

sufficiently clear and precise to indicate that he understood the terms of the alleged contract,[3] and could have relied on them.  *See Joyal v. Hasbro, Inc.,* 380 F.3d 14, 19-20 (1st Cir. 2004) (summary judgment allowed for defendant in implied contract claim where plaintiff pointed to no term in agreement creating obligation for progressive discipline).  The terms of a contract, as the Plaintiff understands them, are simply too indefinite to enable a court to determine the meaning of the agreement.  *See Snow v. B. E. & K Constr. Co.*  126 F. Supp.2d 5, 13.

Aside from vague allegations of his understanding of rules concerning "conduct" and periodic evaluations, the Plaintiff sets forth no material terms of the policy.  (*See* Pl. Am. Compl. ¶¶ 68 and 69).   Even under liberal pleading rules, he has not adequately stated a claim that sufficiently definite, binding contractual obligations by implication arose.  *See Snow v. B. E. & K Constr. Co.*  126 F. Supp.2d at 112-13.

That his factual allegations in support of his breach of contract claims are stated upon "information and belief" betrays the fatal defect in Count IV of the Complaint; if he is uncertain as to the material terms of his alleged contract, he could not have reasonably relied on the implied contract terms he claims existed.  Accordingly, because Plaintiff fails to allege sufficient facts upon which a claim can be stated, Plaintiffs claim as to breach of contract must be dismissed.

---

[3]  Plaintiff alleges only that "[a]s a condition of his participation in the program, Dr. Badgaiyan was expected to obey these rules of conduct."  (Pl.'s Am. Compl. ¶ 70).

**Request for Relief**

   For all of the foregoing reasons, Defendant Harvard University moves this Court

to dismiss  the Plaintiff's complaint in its entirety as to Harvard University.


           Respectfully submitted,
           Defendant, President and Fellows of
           Harvard College,
           By its attorneys,


           /s/  Daniel S. Field
           Robert P. Joy, Esq.  (BBO No. 254820)
           Daniel S. Field, Esq. (BBO No. 560096)
           MORGAN, BROWN & JOY, LLP
           200 State Street
           Boston, MA 02109-2605
Date: April 14,  2005      (617) 523-6666


**CERTIFICATE OF SERVICE**

   I hereby certify that a copy of the foregoing document was served upon counsel for the plaintiff, Paul H. Merry, Esq., Law Office of Paul H. Merry, Esq. 44 School Street, 10th Floor, Boston, MA 02108, by first-class U.S. mail this 14th day of April, 2005.


           /s/ Daniel S. Field
           Daniel S. Field

9