IN THE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RAJENDRA D. BADGAIYAN, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.:  1:04CV12031-PBS |
| | ) | |
| v. | ) | |
| ANTHONY PRINCIPI, Sec'y, Dep't | ) | |
| Veterans Affairs, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## ANSWER

The defendants, Anthony J. Principi, Secretary of the Department of Veterans Affairs and Dr. Grace Mushrush ("Defendants"), respond to the Amended Complaint ("Amended Complaint") of plaintiff Rajendra D. Badgaiyan, M.D. ("Plaintiff") as follows:

1.   The allegations contained in Paragraph One of the Amended Complaint constitute an alleged identification of the nature of plaintiff's suit and the relief sought therein, and as such require no response.  To the extent a response is required, defendants deny those allegations.

2.   The allegations of Paragraph 2 constitute plaintiff's contentions regarding the jurisdictional basis for his suit, and as such, are conclusions of law to which no response is required.  To the extent a response is required, defendant denies the allegations contained in paragraph 2.

3.   Defendants lack knowledge and info suf to form a belief as to the truth of the location of plaintiff's residence, citizenship status, race, and origin.

4.   Denied as written.  While Secretary Principi was Secretary of the Department of Veterans Affairs as of the date of the filing of plaintiff's amended complaint he no longer holds that post.

5. The allegations of Paragraph 5 concern co-defendant President and Fellows of Harvard College ('Harvard"), to which no response is required. To the extent that a response is required, defendants lack knowledge and information sufficient to form a belief as to the truth of the matters asserted.

6. Admit, except that the title of the program is the Harvard South Shore Psychiatry Residency Training Program.

7. Defendants lack knowledge and information sufficient to form a belief as to the truth of the matters asserted.

8. Defendants lack knowledge and information sufficient to form a belief as to the truth of the matters asserted.

9. Defendants lack knowledge and information sufficient to form a belief as to the truth of the matters asserted.

10. Defendants admit only that Dr. Badgayian is an assistant professor of radiology at Harvard Medical School. Defendants lack knowledge and information as to the remainder of the allegations contained in Paragraph 10.

11. Admit.

12. Defendants admit only as to the allegations concerning positions held by plaintiff in the United States. Defendants lack knowledge and information concerning any positions held by plaintiff in India and as to plaintiff's characterizations concerning said positions.

13. Defendants deny the allegations concerning ratings from supervisors. Defendants lack knowledge and information as to plaintiff's immigration and residency status, except that defendants admit that plaintiff received an "Alien with Extraordinary Abilities Status" in 1999.

14. Defendants admit only that in 1999 Dr. Badgaiyan. enrolled in the Program in psychiatry in which defendant Harvard is affiliated and the DVA ("DVA") operates. Defe lack know & info concerning the remainder of the allegation in paragraph 14.

15. Admit.

16. Defendants admit only that Dr. Badgaiyan ranked first in his class in the "PRITE" examination in his first year only. Defendants lack knowledge and information as to the remainder of the allegations in paragraph 16.

17. The allegations contained in paragraph 17 constitute plaintiff's perceptions concerning Dr. Mushrush and, as such, require no response from defendant. To the extent a response is required, defendants deny the allegations.

18. Deny.

19. Deny.

20. Defendants admit only that Dr. Mushrush repeated statements by Dr. Badgaiyan that he was not interested in the clinical practice of psychiatry and that he wished to have Friday afternoons off. Def deny remainder of allegations contained in paragraph 20.

21. Deny.

22. Defendants deny that Dr. Mushruch manipulated Dr. Badgaiyan training schedule.

23. Deny.

24. Deny.

25. Deny.

26. Deny.

27. Denied as written. Def admit only that before plaintiff left, he was asked to complete a website that he volunteer to do.

28. Defendant admit only that Dr. Badgaiyan graduated after his group. Defendants deny the remainder of the allegations contained in paragraph 28.

29. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations asserted.

30. Deny. To the extent the allegations concerning co-defendant Harvard, no response is required by defendants.

31. Deny.

32. Defendant admit only that the Board licences physicians in Massachusetts and that Dr. Mushrush provided information to the Board concerning Plaintiff's "probation status" that was inaccurate in the sense that the probation had not yet been formally approved or voted upon. Defendants deny the remaining allegations contained in Paragraph 32.

33. Defendants admit only that Dr. Mushrush provided information to the Board concerning Plaintiff's "probation status" that was inaccurate in the sense that the probation had not yet been formally approved or voted upon.

34. Deny. To the extent the allegations concern co-defendant Harvard, no response is required.

35. Deny.

36. Defendants deny that Dr. Mushrush "delayed" signing forms as alleged. Further, defendants lack knowledge and information as to t he remainder of the allegations in paragraph 36

37. Defendants deny that Dr. Mushrush's conduct was discriminatory. Defendants admit only that Dr. Badgaiyan raised objections to Dr. Mushrush. Defendants lack knowledge and information as to the remainder o the allegations in paragraph 37.

38. Defendants deny as to "racial hospitality and negativity." Defendant lack know & info as to what is meant "little or effect."

39. Deny.

40. Deny.

41. Defendant admit only that Dr. Badgaiyan filed formal complaints of disc on October 7, 2002, and May 20, 2003, with the DVA Office of Resolution Management ("ORM"). Def deny the remainder of the allegations contained in paragraph 41.

42. Defendant admit only that the DVA ORM dismiss Dr. Badgaiyen formal complaints. Defendants lack knowledge and information concerning the remainder of the allegations in paragraph 42.

43. Defendants repeat and re-allege their responses to the allegations contained in paragraphs 1-42.

44. Paragraph 44 states conclusions of law to which no response is required. To the extent that a response is required, defendants deny those allegations.

45. Deny.

46. Deny.

47. Deny. To the extent the allegations concern co-defendant Harvard no response is required.

48. Defendants lack knowledge and information concerning any withdraw of offer,

and deny the remainder of the allegations contained in paragraph 48.

49. Deny.

50. Defendants repeat and re-allege their responses to the allegations contained in paragraphs 1-49.

51. Paragraph 51 states conclusions of law to which to response is required. To the extent that a response is required, defendants deny those allegations.

52. Deny. To the extent the allegations concern co-defendant Harvard no response is required.

53. Deny. To the extent the allegations concern co-defendant Harvard no response is required.

54. Deny.

55. Deny. To the extent the allegations concern co-defendant Harvard no response is required.

56. Deny. Further, paragraph 56 states conclusions of law to which no response is required. To the extent that a response is required, defendant denies those allegations.

57. Deny.

58. Defendant repeats and re-allege their response to the allegations contained in pargaraphs1-57.

59. Paragraph 59 states conclusions of law to which no response is require. To the extent that a response is required, denied

60. Deny.

61. Deny.

62. Deny. To the extent the allegations in paragraph 62 concern plaintiff's motives for his actions, defendants lack knowledge and information concerning the truth of those allegations.

63. Deny, expect that defendant admit that a as a physician's license is required to hold a clinical fellowship.

64. Deny. Further, paragraph 64 states conclusions of law to which no response is required. To the extent a response, required, defendants deny those allegations.

65. Deny. Further, paragraph 65 states conclusions of law to which no response is required. To the extent a response, required, defendants deny those allegations.

66. Deny. Further, paragraph 66 states conclusions of law to which no response is required. To the extent a response, required, defendants deny those allegations.

67. Defendants repeat and re-allege their responses to the allegations contained in paragraphs 1-66.

68. Defendant admit only that the DVA and the Program have adopted rules and regulations. However, these rules and regulations speak for themselves. To the extent that plaintiff would have defendant characterize or interpret what is contained within these rules and regulations, defendants refer plaintiff to the documents themselves.

69. Defendants admit the allegations contained in paragraph 69 only as to ACGME. Defs deny the remainder of allegations. Further, these rules and regulations speak for themselves. To the extent that plt would have def characterization or interpret what is contained within these rules and regulations, defendants refer plaintiff to the documents themselves.

70. Admit.

71. Deny. To the extent concern co-defendant Harvard no response is required.

72. Deny. To the extent concern co-defendant Harvard no response is required.

73. Deny. To the extent concern co-defendant Harvard no response is required.

74. Deny.

75. Defendants repeat and re-allege their responses to the allegations contained in paragraphs 1-74.

76. Denied as written. Defendants assert that plaintiff is vague and unclear as to what is meant by "experienced" and "established."

77. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations asserted.

78. Defendant admit only that Dr. Badgaiyan was granted a fellowship in radiology. Defendants lack knowledge and information as to the remainder of the allegations in paragraph 78.

79. Defendants admit only that a medical licence is required in order to be granted a clinical fellowship. Defendants lack knowledge and information as to the remaining allegations contained in paragraph 79

80. Deny. Paragraph 80 states conclusions of law to which no response. To the extent a response is required, defendants deny those remaining allegations.

81. Deny.

82. Defendants repeat and re-allege their responses to the allegations contained in paragraphs 1-81.

83. Deny.

84. Defendants lack knowledge and information concerning plaintiff's reputation. Defendants deny the remainder of the allegations contained in paragraph 84

85. Deny.

86. Deny.

87. Deny.

88. Defendants repeat and re-allege their responses to the allegations contained in paragraphs 1-87.

89. Defendants admit only as to plaintiff's past success as a "student of neuroscience." Defendants lack knowledge as to the remaining allegationscontained in paragraph 89.

90. Deny.

91. Deny.

92. Deny.

93. Deny.

94. Deny.

95. Deny. Paragraph 95 states conclusions of law to which no response is required. To the extent a response is required, defendants deny the allegations.

96. Deny. Paragraph 96 states conclusions of law to which no response is required. To the extent a response is required, defendants deny the allegations.

97. Deny.

The remainder of Plaintiff' Amended Complaint, entitled "VI. Relief" (¶¶ 1.a through b., 2.a through h, 3, 4, 5, and 6) constitute plaintiff's request for relief, to which no response is

required. To the extent a response is required, defendants deny the allegations contained therein.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff failed to exhaust his administrative remedies as to any potential Title VII claims. Plaintiff failed to exhaust administrative remedies as to any potential tort claims.

3. Plaintiff failed to timely exhaust administrative remedies.

4. Plaintiff has not plead facts suff to state a cause of action under Title VII.

5. Plaintiff's claims are barred by applicable statutes of limitations and/or latches.

6. Plaintiff failed to serve both complaint and am coml on Secretary of DVA.

7. The Complaint was filed in Federal Court on September 20, 2004. The EEOC's Decision was issued on June 16, 2004, with a presumed date of receipt of June 21, 2004. This would make September 19, the 90th and last day for filing.

8. The Amended Complaint was filed in Federal Court in December 2004, more than 90 days after the August 22, 2004 presumed date of receipt of the EEOC's August 17, 2004, Decision.

9. To the extent that Dr. Badgaiyan's Amended Complaint sounds in intentional tort it is barred under the FTCA and because he has failed to file an administrative tort claim.

10. To the extent that Dr. Badgaiyan's Amended Complaint sounds in breach of contract, it is barred because there is no cause of action arising out of the employment process.

11. To the extent that Dr. Mushrush inaccurately stated to the Board of Registration

in Medicine that Dr. Badgaiyan had been place on "probation", these actions occurred <u>after</u> the filing of Dr. Badgaiyan's discrimination complaints.

12. Title VII provides the **exclusive** judicial remedy for claims of discrimination in federal employment. Therefore, plaintiff's non-Title VII must be dismissed to failure to state a claim upon which relief can be granted

>Respectfully submitted,
>
>By their attorney,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>  /s/Gina Walcott-Torres
>By: Gina Walcott-Torres
>Assistant U.S. Attorney
>John Joseph Moakley U.S. Courthouse
>1 Courthouse Way, Suite 9200
>Boston, MA 02210
>(617) 748-3369

Dated: May 18, 2005

### CERTIFICATE OF SERVICE

I certify that on May 18, 2005, I caused a copy of the foregoing to be served via the Court's electronic filing system to plaintiff's attorney of record. Additionally, a copy was served via regular mail on May 19, 2005, upon Paul Merry, counsel for plaintiff.

>  /s/ Gina Walcott-Torres
>Gina Walcott-Torres
>Assistant U.S. Attorney