UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                   )
RAJENDRA D. BADGAIYAN, M.D.,       )
                                   )
          Plaintiff,               )
                                   )
v.                                 )
                                   )   C.A. No. 04-12031-JLT
ANTHONY J. PRINCIPI, Secretary,    )
Department of Veterans' Affairs;   )
President and Fellows of           )
HARVARD COLLEGE;                   )
and GRACE J. MUSHRUSH, M.D.,       )
                                   )
                                   )
          Defendants.              )
                                   )
```

PLAINTIFF RAJENDRA BADGAIYAN'S OPPOSITION TO

DEFENDANT HARVARD'S  MOTION TO DISMISS COUNTS I, II, III AND IV

NOW COMES YOUR PLAINTIFF, RAJENDRA D. BADGAIYAN, M.D., and hereby respectfully OPPOSES defendant Harvard's Motion to Dismiss certain counts of his Complaint, and states as his reasons therefor that the Motion is without basis or merit and accordingly may not be granted, as is more fully set out below.

I.    INTRODUCTION

After having his training as a psychiatrist interrupted and prolonged despite a strong academic and training record, by a supervisor who made negative remarks about South Asians, Dr. Rajendra Badgaiyan, a South Asian, first complained within the

equal opportunity process set out by law covering the institution; and then to this court. Defendant Harvard University, which sponsored the psychiatric residency program in which Dr. Badgaiyan was enrolled jointly with defendant Veterans Administration, now seeks dismissal of four of the counts of the complaint against it. But these claims may not be dismissed under Rules 12(b)(1) or 12(b)(6) because Dr. Badgaiyan complied with the requirements for pursuing his administrative remedy; and because the allegations of the Complaint, read in the light most favorable to Dr. Badgaiyan, suffice to sustain them.

## II.  FACTS

Dr. Rajendra Badgaiyan was an accomplished student of neuroscience, medicine and psychology, and an assistant professor on defendant Harvard's Medical School faculty, with a number of distinctions already to his credit, when he decided in 1999 to seek qualification to practice psychiatry. He had received a prize as the best resident researcher in psychiatry at Harvard; while in his native India, he received a national prize for his work in the area of physiology and allied sciences; and held various academic positions including Instructor and Clinical Fellow at Harvard Medical School; Research Associate at Harvard University; Postdoctoral Fellow at the University of Pittsburgh; Research Associate at the University of Oregon; Reader (associate professor) at Banaras Hindu University, one of India's most prominent

universities; and Lecturer at Medical College, Rohtak, India.
He enrolled in defendant Harvard's South Shore Psychiatry Residency
Training Program (the "program"), operated at the facility in
cooperation with defendant Secretary Principi's Department of
Veterans Affairs.

Initially, Dr. Badgaiyan received outstanding or good
evaluations for most of his clinical work in defendant Harvard's
South Shore psychiatry residency training program, and was ranked
first in his class on the national evaluation of clinical
competency, "PRITE" and in fact scored higher than many established
professionals. But within a short time after he enrolled and began
participating in instruction in the program, however, Dr. Badgaiyan
became aware of negative attitudes towards India and South Asians
defendant Dr. Mushrush, who bears the title director of residency
training. Among his observations were anti-South-Asian remarks,
including disparaging remarks concerning physicians of Indian
extraction and about the quality of medical institutions and
medical education in India.
Defendant Dr. Mushrush became particularly critical of Dr.
Badgaiyan, seemingly directing particular unwarranted criticism,
derogatory remarks and disadvantageous treatment towards him as
contrasted to his fellow residents who were not of South Asian
descent. Dr. Mushrush also required Dr. Badgaiyan alone among his
fellow residents to repeat training rotations he had already passed

-3-

with a "good" or "outstanding" grade. She also manipulated Dr. Badgaiyan's training schedule needlessly such that Dr. Badgaiyan was compelled to spend six months to complete certain components of training which could have been completed in one or two months. Additionally, defendant Dr. Mushrush obstructed Dr. Badgaiyan's growth as a physician and student of medicine by denying him access to evaluations of his performance prepared by his supervisors and preceptors in the rotations he participated in the program, thus preventing him from benefitting from the comments they contained. Finally she prevented Dr. Badgaiyan from receiving his diploma at the graduation ceremony for his group of residents (the only resident in the history of the program to be so stigmatized).

Other medical professionals of Indian and South Asian extraction involved in the program or otherwise engaged at the facility mentioned that they too had made similar, independent observations of negative remarks by Dr. Mushrush concerning South Asians. The groundless negative statements made by defendant Dr. Mushrush have damaged Dr. Badgaiyan's reputation and career; and are continuing to do him harm, including impairing his being granted a license to practice medicine by the Commonwealth of Massachusetts Board of Registration in Medicine (the "Board"), which licenses physicians in Massachusetts.

Dr. Badgaiyan has consistently protested against defendant Dr. Mushrush' discriminatory conduct, objecting first to her directly;

and subsequently to many others involved in leadership in the defendants' psychiatric residency program.  These complaints, however, had little or no effect; and the racial hostility and negativity continued.  Meanwhile the negative responses he was getting had an significant impact on Dr. Badgaiyan's health, and he sought treatment for depression.

When it became clear that his many efforts to resolve the situation with defendant Dr. Mushrush, some through others in the residency program leadership, would be ineffective, Dr. Badgaiyan filed a complaint about defendant Dr. Mushrush with defendant VA's internal equal employment office; and when that failed to produce a satisfactory result, filed a charge with the Equal Employment Opportunity Commission (EEOC.)  Following rejection of that complaint, he filed his Complaint in this court.

### III.    ARGUMENT

A.   THE STANDARD FOR DISMISSING A CLAIM PRIOR TO DISCOVERY IS HIGH
     AND IS NOT SATISFIED HERE

The standard for succeeding in a Motion to Dismiss before discovery is extraordinarily high; indeed, the moving party bears the burden of showing that under no set of facts arising under the circumstances alleged in the Complaint would it be liable, *see, e.g. NOW v. Scheidler*, 510 U.S. 249, 256 (1994).  Moreover, the court is obliged to view the facts in the light most favorable to the non-moving party, here Dr. Badgaiyan, *see, e.g. Cepero-Rivera,*

*et al., v. Fagundo et al.,* No. 04-1401, 2005 U.S. App. LEXIS 13134 (1st Cir. July 1, 2005)(Under Rule 8(a)(2), a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." (quoting *Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3rd 61, 66 (1st Cir. 2004). "This statement must 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Id. (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)). Under this standard, "a court confronted with a Rule 12(b)(6) motion 'may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Id. (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984)).  A motion to dismiss under Rule 12(b)(6) is intended to test the sufficiency of the pleadings only, *see, e.g., SEC v. SG Ltd.*, 265 F.3d 42, 44  (1st Cir. 2001); *LaChapelle v. Berkshire Life Ins. Co.,* 142 F.3d 507, 508 (1st Cir. 1998).

Under this standard, for a variety of reasons based on the allegations of the Complaint, this Motion must be denied.

B.    DR. BADGAIYAN'S COMPLAINT CONTAINS SUFFICIENT FACTUAL

ALLEGATIONS TO MAKE OUT THE CLAIMS DEFENDANT CHALLENGES

First, as alleged in the Complaint, Dr. Badgaiyan in fact complied with the requirement for filing a complaint under the

equal employment opportunity system.    Indeed,  he filed his
Complaint only after being given authority to do so by the E.E.O.C.
The allegations of paragraphs 41 and 42 of the Complaint make his
compliance with this requirement sufficiently plain that the
challenged counts may not be dismissed.

This charge against defendant VA also applies against
defendant Harvard through the agency relationship between them; and
Dr. Badgaiyan's Complaint recites allegations sufficient, if
proven, to establish that relationship.    For instance, the
Complaint alleges that defendant Harvard operates at defendant
Veterans' Administration's facility at Brockton, see paragraph 5.
Indeed, while not alleged in the Complaint, the stationery used by
defendant Dr. Mushrush, bearing her name as director along with
defendant Harvard's letterhead for the program, recites as its
address the address of defendant VA's facility, 940 Belmont Street
in Brockton.

Moreover, defendant Dr. Mushrush' role itself as director of
residency training for the program demonstrates the inextricable
intertwining of the two defendants, the program's sponsors.   Dr.
Mushrush' position is made clear in paragraph 6 of the Complaint,
which also alleges, see paragraphs 30, 37, 40, knowledge on the
part of both institutional defendants.   Read as they must be in the
light most favorable to Dr. Badgaiyan, these allegations suffice to
establish the agency relationship and precluding dismissal.

A variety of facts support this view of the relationship, including the role of defendant Dr. Mushrush; and the existence of stationery bearing both names.  But the test under Rule 12(b)(6) is whether, reading the facts as favorably as possible to Dr. Badgaiyan, any set of facts could exist which would support his claims, *see, NOW, supra*.  It is plain from the allegations of the Complaint, see paragraphs 6, 14, 37,40, that a close relationship between all three defendants exists such that agency could be shown.  Even were the relationship not to be seen as one of agency in law, the program clearly appears to be at the least a joint venture with the concomitant permissible inferences concerning exchange of information between the institutional defendants, *see, E.E.O.C. v. Metzger,* 824 F.Supp. 1 (D.C.D.C. 1993)(Notice to partner could operate as notice to partnership.)

With these factual allegations in the pleading beyond dispute, and reading them liberally as required under the Rule, it is clear that defendant Harvard may accordingly be found to have been on notice of the allegations being made, as required under ; and that the allegations are sufficient to sustain the claims.

But moreover, because the Complaint was against Dr. Mushrush, an agent of defendant Harvard as well as of defendant VA, the allegations suffice to sustain the challenged counts of the Complaint under Rules 12(b)(1) and 12(b)(6) and the Motion must be denied.

Similarly, Dr. Badgaiyan's allegations under Count IV relating to violation of the contract between himself and the defendants suffice to sustain the claim they make. While the details of such a contract may remain to be determined in discovery, those provisions alleged in paragraphs 68 through 71 allege rules which defendants sought to impose upon Dr. Badgaiyan and which they, through mutuality of obligation, may be required to follow themselves. Additionally, this count asserts a violation of regulations relating to disclosure of student performance evaluations which represents a basis for relief for Dr. Badgaiyan. The allegations it contains, if proven, would demonstrate a violation by defendant Harvard of recognized rules of a graduate medical education association, breach of which violated Dr. Badgaiyan's right to benefit from his evaluators' opinions. Accordingly, this count also may not be dismissed.

## VI. CONCLUSION

For the foregoing reasons the defendant Harvard's Motion to Dismiss Counts I, II, III and IV must be denied.


DATED:                                         Respectfully submitted,
                                               Rajendra Badgaiyan, M.D.
                                               By His Attorney,

/s/ Paul H. Merry
Paul H. Merry, Esq.
44 School St., Suite 1000
Boston, MA 02108
(617) 367-0800
BBO# 353480

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party to this action by first-class mail on August 8, 2005.

/s/ Paul H. Merry
Paul H. Merry