## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**RAJENDRA D. BADGAIYAN, M.D.,**

       **Plaintiff,**

**v.**

**ANTHONY J. PRINCIPI, Secretary,
Department of Veterans' Affairs; President
and Fellows of HARVARD COLLEGE; and
Grace J. Mushrush, M.D.,**

       **Defendants**

**Case No. 04-12031 JLT**

## DEFENDANT PRESIDENT AND FELLOWS OF HARVARD COLLEGE'S OPPOSITION TO PLAINTIFF RAJENDRA BADGAIYAN'S MOTION FOR LEAVE TO FILE HIS OPPOSITION TO MOTION TO DISMISS COUNTS AFTER THE RULE-PRESCRIBED TIME

      Defendant President and Fellows of Harvard College ("Harvard University") opposes Plaintiff Rajendra D. Badgaiyan's (the "Plaintiff") Motion for Leave to File His Opposition to Defendant Harvard's Motion to Dismiss Counts After the Rule-Prescribed Time ("Motion") which Motion was filed, without explanation, more than 3 months late. *See* Fed. R. Civ. P. 6 (b) (2); L.R. 7.1(b) (2).

      On April 14, 2005, Harvard University filed its Motion to Dismiss Counts I, II, II, and IV of the Plaintiff's Amended Complaint and concurrently served Plaintiff's counsel electronically and by mail. Plaintiff did not respond timely and did not seek the Court's authority to enlarge time, nor did he seek Harvard University's assent to enlarge time. On August 8, 2005, the Plaintiff filed his Motion for leave to file late-- months after a response could have been filed, under Local Rule 7.1. Plaintiff concurrently filed and

served defendants with his opposition to the Defendant's Motion to Dismiss.

The Plaintiff's Motion should be denied because he has provided no reasons indicating that there was "excusable neglect" justifying his late filing, as required under Fed. R. Civ. P. 6(b) (2).  In any event, failure to abide by clear court procedural rule does not generally constitute 'excusable neglect'.  *Dimmitt v. Ockenfels*, 407 F.3d 21 (1st Cir. 2005*).*  Where, as in this case, there are no proffered facts suggesting there are equitable reasons for Plaintiff's noncompliance, the Motion to file late must be denied.  *See Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. 380 (1993) (factors to be considered include, prejudice to adverse party, whether proceedings are delayed, whether delay was beyond reasonable control of the party, and whether late filer acted in good faith).

The delay in this case is significant.  More than three months have passed since the Plaintiff's response was required.  *See Stonkus v. Brockton School Department*, 322 F. 3d 97 (1st Cir. 2003) (counsel's oversight concerning deadline was not excusable neglect).   Similarly, the equities are not in Plaintiff's favor; Harvard University's motion to dismiss rests in large part on the Plaintiff's failure to follow EEOC filing procedures, which require Plaintiff to, *inter alia*, provide Harvard University prompt notice of his claims (and an opportunity to mediate) before filing suit.  He has not presented any argument suggesting that he has met the EEOC prerequisites to his suit against Harvard University.  There is little likelihood that Plaintiff will succeed in his opposition.

For the foregoing reasons, the Plaintiff's Motion should be denied.

Respectfully submitted,
Defendant, President and Fellows of
Harvard College,
By their attorneys,


/s/  Daniel S. Field
Robert P. Joy, Esq.  (BBO No. 254820)
Daniel S. Field, Esq. (BBO No. 560096)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA 02109-2605
Date: August 15, 2005                    (617) 523-6666


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for the plaintiff, Paul H. Merry, Esq., Law Office of Paul H. Merry, Esq. 44 School Street, 10th Floor, Boston, MA 02108, electronically and by first-class U.S. mail this 15th day of August, 2005.


 /s/ Daniel S. Field
Daniel S. Field