

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

Rajendra D. Badgaiyan,
Complainant,

v.

Anthony J. Principi,
Secretary,
Department of Veterans Affairs,
Agency.

Appeal No. 01A40345

Agency No. VA10

DECISION

Complainant filed a timely appeal with this Commission from an agency's final decision (FAD) dated September 24, 2003, dismissing his complaint of unlawful employment discrimination brought pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq. The Commission accepts the appeal. *See* 29 C.F.R. § 1614.405.

In his complaint, complainant alleged that he was subjected to discrimination on the basis of national origin (Indian) when agency management: (1) contacted complainant's preceptors on several occasions between June and December 2002, suggesting on each occasion that they should "fail" complainant; (2) remarked to a staff physician that patients had refused Complainant's treatment; (3) changed complainant's work schedule abruptly several times between May and October 2002; (4) informed the Chief Resident in March 2002 that complainant would never be permitted to graduate; (5) referred to Complainant as a "bad boy" during a January 2002 meeting of all residents; (6) made several unsubstantiated false and disparaging comments about Complainant's professional and personal capacities in a May 2002 letter to him; (7) failed to merit complainant's performance during inpatient and triage rotations in two respective letters to him dated May 28 and October 2, 2002; (8) ordered Complainant to repeat an unspecified rotation that he completed successfully; and (9) restricted Complainant's training schedule to only one day per week beginning in October 2002, thereby extending his training unnecessarily.

The record reflects that complainant contacted an EEO counselor on May 5, 2003, several months after the last of the allegations stated above occurred. The record also reflects that on May 20,

court
EX+ I
CA 04-12031

2                                                                                              01A40345

2003, complainant filed a formal complaint against the agency, alleging the above-stated acts of discrimination. The agency issued a FAD on September 24, 2003, dismissing the complaint for untimely EEO counselor contact under 29 C.F.R. § 1614.105(a)(1) and (a)(2).

On appeal, complainant contends that his failure to contact the Counselor is justified upon two grounds. First, he maintains that he was unaware of the requirement that any EEO complaints must be made within forty-five (45) days of the alleged discriminatory act's occurrence. Second, complainant argues that the agency's discrimination caused him to suffer extreme depression and a life-threatening level of hypertension from early May of 2002 until late August of 2002. He further asserts that this condition required him to remain bedridden and take medications that rendered him cognitively disoriented during that time span. In Complainant's view, he is thus excepted from the "timely initial contact" requirement by the wording of EEOC Regulation at 29 C.F.R. § 1614.105(a)(2), which allows for extensions of the initial contact period "when the individual shows that . . . despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits."

After consideration of the record, we find that complainant's complaint was properly dismissed pursuant to 29 C.F.R. § 1614.107(a)(1) and (a)(2). Initially, we find that complainant did not demonstrate "due diligence" in pursuing his EEO complaint, as the alleged acts of discrimination occurred between January of 2002 and October of 2002, and complainant waited until May of 2003 before contacting an EEO Counselor. Further, we concur with the agency's contention that complainant was aware of the time frames for EEO claims, as he had previously filed a formal EEO complaint. Moreover, the record does not substantiate complainant's claim that physical incapacitation precluded him from contacting an EEO counselor with the statutory time limitations. We find that no evidence has been presented that demonstrates complainant's inability to pursue his claim timely through his own ability or others' assistance.[1] Accordingly, the agency's decision to dismiss the instant complaint on the grounds of untimely contact with the EEO Counselor was proper and is AFFIRMED.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

---

[1] We note that in his formal complaint, complainant alleged that the agency discriminated against him when he was not included in the June 2003 graduation. However, the agency dismissed this allegation as he was not employed by the agency at the time of the act of alleged discrimination.

3                                                              01A40345

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973,

4                                                                01A40345

as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*[signature]*

_____
Carlton M. Hadden, Director
Office of Federal Operations

JUN 1 6 2004
_____
Date

### CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

JUN 1 6 2004
_____
Date

*[signature]*
_____
Equal Opportunity Assistant