UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RAJENDA BADGAIYAN, M.D., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 04-12031-JLT |
| | * | |
| ANTHONY J. PRINCIPI, PRESIDENT | * | |
| AND FELLOWS OF HARVARD | * | |
| COLLEGE, AND | * | |
| GRACE MUSHRUSH, M.D., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

October 26, 2005

TAURO, J.

    Defendant President and Fellows of Harvard College ("Harvard") have moved to dismiss Counts I, II, III, and IV of Plaintiff's Amended Complaint. Counts I, II, and III address Defendants' alleged racial discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").[1] Count IV alleges that Defendant breached the terms of Plaintiff's employment contract.

    Harvard contends that this court lacks subject matter jurisdiction over the Title VII claims because Plaintiff did not first exhaust administrative remedies with the Equal Employment Opportunity Commission ("EEOC") or the Massachusetts Commission Against Discrimination ("MCAD"). It is undisputed that the Plaintiff fully exhausted EEOC remedies in its claims against Defendant Department of Veterans Affairs ("VA"). In the instant case, however, Harvard seeks a

---

[1] 42 U.S.C. §§ 2000e-2(a), 2(d), 3(a).

determination that the exhaustion requirements with respect to VA were insufficient to satisfy the exhaustion requirements with respect to Harvard.

Before a plaintiff may commence a Title VII action in the district court, he must first file a timely claim with the EEOC or MCAD.[2] This filing requirement is a statutory prerequisite in claims brought against a private employer[3] in order to "provide the employer with prompt notice of the claim and . . . create an opportunity for early conciliation."[4] Failure to file a timely charge with the EEOC typically warrants dismissal for lack of jurisdiction.[5] The charging requirement, however, is subject to several exceptions:

> (1) if there was "substantial identity" between the respondent named in the EEOC charges and defendants in the civil action; (2) if the named respondent acted as the "agent" of the defendant sought to be included in the civil action, at least when the latter defendant had notice of and participated in the conciliation proceedings; and (3) if the defendant is an "indispensable party" under Fed. R. Civ. P. 19 in order to accord complete relief to the parties.[6]

In his pleadings, Plaintiff contends that Harvard and VA are inextricably intertwined. Indeed, Plaintiff's Complaint alleges that Harvard operates at VA's facility in Brockton, Massachusetts and that Defendant Dr. Grace Mushrush is the director of the residency training program sponsored jointly by Harvard and VA. For these reasons, it remains unclear whether Harvard maintained the "substantial identity" of VA, acted as an "agent" of VA, or if Harvard is

---

[2] 42 U.S.C. § 2000e-5(e)(1) (1994).

[3] See Nat'l Passenger R.R. Corp. v. Morgan, 536 U.S. 101, 108-09 (2002).

[4] Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996).

[5] See Jorge v. Rumsfeld, 404 F.3d 556, 564 (1st Cir. 2005).

[6] McKinnon v. Kwong Wah Rest., 83 F.3d 498, 504-05 (1st Cir. 1996) (citing Curran v. Portland Super. Sch. Comm., 435 F. Supp. 1063, 1074 (D.Me. 1977)).

an "indispensible party." But the Court need not reach that definitive conclusion at this early stage in the litigation. Viewing the facts in a light most favorable to Plaintiff, the Complaint adequately raises an inference that such a relationship does exist. If such a relationship existed, it would clearly fall within one of the noted exceptions. Harvard's Motion with respect to Counts I, II, and III must therefore be DENIED.

Harvard also contends that Plaintiff fails to state a claim for breach of contract because there are no facts in the Amended Complaint which would support the formation or breach of an enforceable contract. Plaintiff's contract claim is based on two theories: first, that Defendants failed to inform him of his progress, which was an implied obligation based on the nature of the employment contract; and second, that Defendants failed "to comply with the regulations, guidelines and rules they had adopted concerning how participants in the program should conduct themselves."[7]

With respect to Plaintiff's theory that Defendants failed to inform him of his progress, he must first allege the existence of a contractual obligation. Plaintiff presumably proceeds on a theory of implied contract, which may exist if policies are presented to employees in such a way as to instill a reasonable belief in the employees that they are terms and conditions of employment.[8] Plaintiff's Complaint, however, fails to allege any facts which would support the formation of any implied contract. Quite to the contrary, the Complaint does not note whether or how Defendants produced, circulated, or communicated any such policy, nor does the Complaint set forth any

---

[7] Pl. Am. Compl. at ¶ 72.

[8] See O'Brien v. New England Tel. & Tel. Co., 664 N.E.2d 843, 847-48 (Mass. 1996).

material terms of the policy.[9]

The Plaintiff's second theory is similarly deficient. Plaintiff claims that the Defendants failed to comply with the guidelines and rules "governing participants in the program," but alleges no misconduct on the part of any participants in the program. Rather, Plaintiff contends that the directors–not any participants–acted improperly. The guidelines described in Plaintiff's complaint expressly deal with participants, and are therefore clearly inapplicable to Plaintiff's allegations against the directors. Harvard's Motion to Dismiss Plaintiff's Count IV is ALLOWED.

For the reasons set forth above, President and Fellows of Harvard College's <u>Motion to Dismiss Counts I, II, III, and IV</u> [#6] is DENIED in part and ALLOWED in part.

IT IS SO ORDERED.

    /s/ Joseph L. Tauro
United States District Judge

---

[9] <u>See</u> <u>Pearson v. John Hancock Mut. Life Ins. Co.</u>, 979 F.2d 254 (1st Cir. 1992) (noting that an employment manual did not create an implied contract where it provided only a description of the policies without any firm commitments, negotiation, or terms of employment otherwise located in the manual).