UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAJENDRA D. BADGAIYAN, M.D., <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY J. PRINCIPI, Secretary, Department of Veterans Affairs; President and Fellows of HARVARD COLLEGE; and GRACE J. MUSHRUSH, M.D., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT HARVARD COLLEGE

NOW COMES your plaintiff, Rajendra D. Badgaiyan, M.D., and, pursuant to Fed. R. Civ. P. 34, hereby requests that defendant President and Fellows of HARVARD COLLEGE ("HARVARD") in the above action produce for inspection and copying the documents and things described below at the offices of Paul H. Merry, Esq., 50 Congress Street, 10th Floor, Boston, Massachusetts 02109, within thirty (30) days of the service of this request.

1

**DEFINITIONS**

For purposes of this First Request (the "Request"), the following terms shall have the following meanings:

A. The terms "Plaintiff" and "Badgaiyan" mean plaintiff Rajendra D. Badgaiyan, M.D., in this action.

B. The terms "Defendants" or "you" or "your" shall mean President and Fellows of HARVARD COLLEGE ("HARVARD").

C. The term "HARVARD" shall mean, the defendant President and Fellows of HARVARD COLLEGE, upon whom this Request was served, including both its predecessors in interest, present and former officers, directors, agents, servants, personnel, consultants, advisors, affiliates, attorneys, accountants, employees, "independent contractors" and/or representatives, collectively or individually, or any group of them acting or purporting to act for or on behalf of said defendant.

E. The term "the Program" shall mean Harvard's South Shore Psychiatric Residency Training Program, operated at the facility in cooperation with defendant Secretary Principi's Department of Veterans Affairs at a location at 940 Belmont Street, Brockton, Massachusetts.

G. The term "Complaint" means the initial Complaint filed in this action by Dr. Badgaiyan against Defendants in this court.

H.  The terms "Personnel File" or "Personnel Record" mean all documents defined as personnel records under G.L. c. 149, §52C, including but not limited to:

1. All performance records, performance plans, performance evaluations, appraisals and reviews, all performance improvement or corrective action plans, all documents reflecting the reasons relied upon for each such evaluation, all notes, minutes, memoranda, correspondence and all other documents relating to all meetings or discussions regarding the individual's performance or conduct;

2. All documents relating to applications for, expressions of interest in and/or offers of employment, promotion, transfer or reassignment including all documents relating to any interview, meeting or discussion before hiring, promotion, transfer or reassignment;

3. All documents relating to salary, wages and/or compensation, employee and/or educational benefits;

4. All documents relating to criticisms, warnings, reprimands, discipline or negative statements regarding the individual's performance or conduct;

5. All documents relating to awards, commendations, accolades, praise and/or positive statements regarding the individual's performance or conduct;

6. All documents relating to the nature, rights,

3

       obligations, terms and/or conditions of employment, including any oral or written agreement(s) between Dr. Badgaiyan and Defendants;

7. All documents relating to any references received regarding the individual;

8. All documents relating to the individual's career or employment potential;

9. All documents relating to the individual's job qualifications and experience for each position held by him;

10. All documents relating to, referred to, relied upon or used by the defendant in any decision to hire, assign a grade level, evaluate, promote, demote, transfer, reassign, layoff, discharge or fail to rehire the individual, including all documents relating to any meeting, conversation, discussion or investigation, whether in person or by telephone regarding the individual's hiring, grade level assignment, evaluation, promotion, demotion, transfer, reassignment, layoff, discharge or failure to rehire.

I. The terms "relating to" and "in connection with" mean referring to, concerning, embodying, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, constituting, illustrating, depicting, summarizing, mentioning, reporting, evidencing,

4

    supporting, contradicting or rebutting, directly or indirectly, in whole or in part.

J.   The term "each" includes the word "every" and "every" includes the word "each". "Any" includes the word "all" and "all" includes the word "any". "And" includes the word "or" and "or" includes the word "and".

K.   As used herein, any word written in the singular shall be construed as plural and vice versa, and any masculine word shall be construed as feminine and vice versa, where necessary to facilitate the answers to this Request.

L.   The terms "date", "period", "amount", "quantity", "number", "volume", "location", "place", and "value" mean the approximate date, period, amount, quantity, number, volume, location, place and value if the party answering does not know the exact date, period, amount, quantity, number, volume, location, place, or value.

M.   "Support" shall mean to provide a basis for, to tend to support and/or to be believed to support.

N.   Any underlined words at the opening of any requests are for ease of identification purposes only and in no way limit or otherwise modify the contents of the request.

**SPECIAL INSTRUCTIONS**

1. Each Request shall be continuing, and you shall be obliged to provide supplemental answers with respect to the matters set forth as provided in Mass. R. Civ. P. 26(e).

2. As to any production called for by this Request which you claim is privileged or which you contend is not subject to a response, please provide, at the time for response set forth above, in the answer to the specific Request affected:
   a. the nature of the privilege claimed,
   b. the factual and legal basis for the claim of privilege or ground of non-production asserted with respect to the Request,
      i. The identity of the client and/or attorney claiming the privilege;
      ii. The identity of the originator or author of the document or communication for which the privilege is claimed;
      iii. the identity of each recipient of the document or communication; and
      iv. a summary of the contents of the document or communication claimed to be privileged.
3. If you contend that you are unable to produce in response to the Requests herein, or any thereof, fully and completely, after exercising due diligence to do so, please so state, specifying the basis for such limited response and the reasons for the inability to respond to the Request as made.
4. Any Request which you contend has been satisfied by the contents of a prior Response or through Initial Disclosures may be responded to by reference to such prior Response or Disclosure,

but must do so with specific reference to those documents or tangible things and specific parts thereof produced in such prior Response which you contend satisfy the later Request.

5. Unless otherwise specified in the Request, the time period covered by this Request is between January 1, 1999, and the date of service of this Request.

## DOCUMENT REQUESTS

Kindly produce for examination and copying the following:

1. Any and all documents containing, reporting, reflecting or otherwise memorializing Dr. Badgaiyan's participation in the Program, including without limitation any and all evaluations, assessments, rounds evaluations, rotation evaluations, comments, grades, gradings or other comments on his performance in the program, including without limitation any and all documents as would constitute his Personnel Record as defined by Massachusetts General Laws c. 149 §52C for all periods during which he was affiliated with the Program, by whomever created including by Dr. Grace Mushrush or any other evaluators.

2. Any and all correspondence, memoranda, electronic mail, telephone notes, meeting notes in whatever form, or other documents reporting, describing, memorializing or otherwise relating to any and all communications, meetings and conversations at which Dr. Badgaiyan's participation in the Program was mentioned, analyzed, criticized or critiqued or otherwise discussed.

3. Any and all manuals, regulations, guidelines, rules, policies,

procedures or other documents recording, reporting, memorializing establishing or otherwise setting out any and all of the Program's policies, practices and procedures relating to disciplining of its residents, including procedures and criteria relating to placing residents on probation for academic or any other reason and any and all actions or steps involved in placing a resident in probationary status or on probation; and any and all procedures involved in determining whether a program participant is permitted to participate in the program's graduation ceremony.

4. Such document or documents as contain, report, record, describe or otherwise establish or reveal the Program's policies, practices and procedures as relates to participant assignments to training rotations; creation and establishment of training schedules; and timing of and procedures involved in evaluation of the training or other work performance of participants in the Program.

5. Any and all correspondence, memoranda, electronic mail, telephone notes or other documents reporting, describing, memorializing or otherwise relating to any and all communications, meeting and conversations in which Dr. Mushrush investigated, discussed or deliberated complaints or statements about Dr. Badgaiyan.

6. Any and all correspondence, memoranda, electronic mail, telephone notes or other documents reporting, describing, memorializing or otherwise relating to any and all communications, meetings and

    conversations during or at which Dr. Mushrush made comments or statements concerning the performance in the Program of program participants of Indian and South Asian extraction; or other comments or observations concerning Indian or South Asian medical education or medical professionals.

7. Any and all correspondence, memoranda, electronic mail, telephone notes or other documents containing, reporting, describing, memorializing or otherwise relating to Dr. Badgaiyan's objections to and formal complaints regarding Dr. Mushrush' conduct towards him in relation to the Program.

8. Any and all correspondence, memoranda, electronic mail, telephone notes or other documents memorializing, containing or referring to any and all communications, meetings and conversations during which Dr. Mushrush provided information concerning Dr. Badgaiyan, including but not limited to communications to the Commonwealth of Massachusetts Board of Registration in Medicine.

9. Any and all contracts, agreements, letters of agreement or understanding or other documents describing the nature and history of the relationship between defendant Harvard and defendant Principi; and the relationship between either or both of them and the defendant Dr. Mushrush.

10. Any and all documents identifying and recording the names and positions of all rotation heads or chiefs during Dr. Badgaiyan's participation in the Program, and disclosing the subject matter of their rotations and how often and when those rotations were

offered during the Program.

11. One copy each of any and all rules, regulations, policies, procedures, guidances or other documents containing such rules, regulations, policies, procedures or guidances, however, characterized, of the Accreditation Council on Graduate Medical Education, for the purpose of regulating administration of such programs; and of discipline of participants in programs covered by such rules, regulations, policies, procedures or guidances, which were in effect at any point during the time period covered by these Requests.

12. Any and all documents you intend to offer into evidence at any hearing or trial of this matter.

          RESPECTFULLY SUBMITTED,
          RAJENDRA D. BADGAIYAN, M.D.,
          PLAINTIFF

          BY HIS ATTORNEY

          _____
          Paul H. Merry, Esq.
          50 Congress Street
          10th Floor
          Boston, MA 02109
          (617) 720-2400
          BBO No. 343580