**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| |
|---|
| **RAJENDRA D. BADGAIYAN, M.D.,**<br><br>      **Plaintiff,**<br><br>**v.**<br><br>**ANTHONY J.  PRINCIPI, Secretary, Department of Veterans' Affairs; President and Fellows of HARVARD COLLEGE; and Grace J. Mushrush, M.D.,**<br><br>      **Defendants.** |

**Case No. 04-12031 JLT**

## DEFENDANT PRESIDENT AND FELLOWS OF HARVARD COLLEGE'S MOTION FOR SUMMARY JUDGMENT AS TO ALL REMAINING COUNTS OF THE COMPLAINT PURSUANT TO FED. R. CIV. P. 56(c)

Defendant President and Fellows of Harvard College ("Harvard University" or "Harvard") moves for summary judgment as to Counts I, II, III, V, VI, and VII of the Plaintiff's Amended Complaint and Demand for Jury Trial, pursuant to Fed. R. Civ. P. 56(c) and L.R.D.Mass. 56.1, because the undisputed material facts demonstrate that the Plaintiff did not meet the prerequisites to sue under Title VII; Harvard was not responsible for the actions of his supervisor; Harvard's actions were in all respects lawful; and Plaintiff cannot recover under any theory pled in the Complaint.

Count I (discrimination), Count II (hostile environment) and Count III (retaliation) must be dismissed because the Plaintiff failed to file an administrative charge with the U.S. Equal Employment Opportunity Commission ("EEOC") against Harvard University and thus exhaust the statutory prerequisites to filing suit in federal court under Title VII.  42 U.S.C. 2000e-5 (1994).  Plaintiff has proffered no reason that exempts him from this requirement.  In addition, judgment must be entered for Harvard on Counts I, II

and III because the Plaintiff has not created a genuine issue as to any material fact related

to his discrimination and retaliation claims.

Similarly, Harvard is entitled to judgment as a matter of law as to Counts V

(interference with advantageous relations), VI (defamation) and VII (infliction of

emotional distress) because Massachusetts workers' compensation law provides the

exclusive remedy in private employment for workplace injuries.  Also, Harvard is not

liable as to Count VII because the Plaintiff alleges that the tortfeasor was acting "beyond

the scope" of her employment. (Pl. Am. Compl. ¶92).

For all of the foregoing reasons, and those set forth in its Memorandum in

Support of this Motion for Summary Judgment, and its Statement of Material Undisputed

Facts, the defendant Harvard University moves this Court for Summary Judgment

Pursuant Fed. R. Civ. P. 56(c) and dismissal of all remaining counts of Plaintiff's

complaint.

<div style="margin-left: 50%;">

Respectfully submitted,
Defendant, President and Fellows of
Harvard College,
By its attorneys,

/s/  Daniel S. Field
Daniel S. Field, Esq. (BBO No. 560096)
Robert P. Joy, Esq.  (BBO No. 254820)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA 02109-2605
(617) 523-6666

</div>

Date:   September 29, 2006

**Certificate of Service**

       I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 29, 2006.

       /s/ Daniel S. Field
       Daniel S. Field