**E N D O R S E M E N T**

MOIRA LOCKE v. HARVARD UNIVERSITY, PRESIDENT AND FELLOWS OF
HARVARD COLLEGE, VETERAN'S ADMINISTRATION and THE UNITED STATES
OF AMERICA
03-CV-11573-MEL

LASKER, D.J.

Defendants Harvard University and the President and Fellows of Harvard College (collectively, "Harvard") move for summary judgment on the grounds that no genuine issues of material fact remain with respect to Harvard's alleged responsibility for the employment decisions at issue in this case. For the following reasons, Harvard's motion is DENIED without prejudice.

Summary judgment is inappropriate at this time because numerous material facts remain in dispute. For example, the affidavits submitted by Harvard state that the Harvard South Shore Psychiatric Residency Program is not an entity within the control of Harvard, that no Harvard employee has the authority to award or rescind residency positions at the Brockton/West Roxbury Veteran's Administration ("VA"), and that Dr. Grace Mushrush ("Mushrush") is not a Harvard Medical School employee but was rather acting within the scope of her employment with the VA. However, Harvard's website identifies Mushrush as the Director of the Harvard South Shore Residency Training Program, names Mushrush as an Assistant Professor of Psychiatry at Harvard Medical School, and lists her email address on the Harvard Medical School server. In the phone call withdrawing the residency offer to Moira Locke ("Locke"), Mushrush stated that after speaking to her "superiors", "we" will have to withdraw the offer; it is unclear whether she was referring to the VA, Harvard, or both. Mushrush also stated that Locke would be working at "other hospitals" in addition to the VA. Finally, the Affiliation Agreement between Harvard and the VA states that they "have a shared responsibility for the academic enterprise" and that the medical school "[n]ominates residents and fellows for academic programs operated jointly by the VA and the affiliated school."

In sum, and absent an affidavit from Dr. Mushrush, Harvard has not demonstrated the absence of any genuine material facts regarding what entity made the ultimate decisions to hire and subsequently terminate Locke.

Accordingly, Harvard's present motion for summary

1

judgment is DENIED without prejudice to renewal upon a more complete record, including a deposition of Dr. Mushrush.

It is so ordered.

Dated:     March 15, 2005
           Boston, Massachusetts      /s/ Morris E. Lasker
                                          U.S.D.J.