UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

RAJENDRA D. BADGAIYAN, M.D.,

    Plaintiff,

v.

ANTHONY J. PRINCIPI, Secretary, Department of Veterans' Affairs; President and Fellows of HARVARD COLLEGE; and Grace J. Mushrush, M.D.,

    Defendants.

Case No. 04-12031 JLT

---

### DEFENDANT PRESIDENT AND FELLOWS OF HARVARD COLLEGE'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, PLAINTIFF'S RESPONSE TO HARVARD'S LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS, AND PLAINTIFF'S SUPPORTING AFFIDAVITS

Defendant President and Fellows of Harvard College ("Harvard University" or "Harvard") submits this memorandum in support of its Motion to Strike all or part of the Plaintiff's Two Affidavits Submitted in Opposition to the Defendants' Motions for Summary Judgment, Plaintiff's Response to Harvard's Local Rule 56.1 Statement of Material Facts, and Plaintiff's Opposition to the Motion for Summary Judgment Filed By Defendants President and Fellows of Harvard College,[1] pursuant to Fed. R. Civ. P. 56(e), LR D. Mass. 56.1, and LR D. Mass. 7.1(B)(4). In the alternative, Harvard moves that its LR 56.1 Statement be deemed admitted.

---

[1] References to the Plaintiff's Opposition to the Motion for Summary Judgment Filed By Defendants President and Fellows of Harvard College will be styled the "Opposition"; Plaintiff's Local Rule 56.1 Response will be styled the "LR 56.1 Response"; and the Plaintiff's two supporting affidavits will be styled the "First Affidavit" and the "Second Affidavit."

1

**<u>Relevant Factual and Procedural Background</u>**

During his training at the Brockton Veteran's Administration Medical Center, the Plaintiff encountered difficulty working with co-workers and several of his supervisors. After he was asked to retake an oral examination and repeat training rotations, he filed an internal charge of discrimination against the U.S. Department of Veteran's Affairs (the "VA"). He brought no charge against the Defendant Harvard either before the VA or the United States Equal Employment Opportunity Commission ("EEOC"), and Harvard was unaware of Dr. Badgaiyan's charges during his residency.

After completing his psychiatric training and graduating from the Brockton VA program, the Plaintiff was unable to procure his medical license because he refused to comply with the monitoring contract mandated by the Commonwealth of Massachusetts Division of Registration in Medicine, after it commissioned an independent psychiatric evaluation of the Plaintiff. Thereafter, he filed this lawsuit against Harvard, the VA and one of his supervisors, Dr. Grace Mushrush.

Harvard has moved for Summary Judgment as to all counts remaining in this case because the Plaintiff did not meet the prerequisites to sue Harvard under Title VII; Harvard did not employ and was not legally responsible for the actions of the alleged discriminator; the facts created no material factual dispute as to the merits of his charge of discrimination and the causation of Plaintiff's purported injury; and the Plaintiff's tort claims were barred by the exclusivity provisions of state workers' compensation laws. Harvard filed a supporting Local Rule 56.1 Statement of Material Undisputed Facts. The VA and Dr. Mushrush also jointly moved for summary judgment.

In response to Harvard's Motion for Summary Judgment, on December 31, 2006,[2] the Plaintiff filed an Opposition to the Motion for Summary Judgment Filed by Defendants President and Fellows of Harvard College (the "Opposition") and Plaintiff's Response to Harvard's Local Rule 56.1 Statement of Material Facts (the "LR 56.1 Response"), which consists of admissions and denials of the Defendants' LR 56.1 Statements, many of which refer to two new affidavits (together, the "Affidavits") submitted by the Plaintiff.[3]  In other instances, the LR 56.1 Response refers to documents that either do not support the proposition cited, or which are not attached to any of Plaintiff's opposing pleadings.   The Affidavits include Plaintiff's two-page unsigned Affidavit, attached to his Opposition ("First Affidavit") and a second, six-page affidavit submitted with his LR 56.1 Response (the "Second Affidavit").  The Plaintiff submitted the Affidavits without explanation as to why they were required, despite having either testified previously on the same subject matter or having had the opportunity to do so during the course of his two days of testimony.  Furthermore, the Plaintiff's affidavits are not signed and instead contain what purport to be "e-signatures."

### A. Plaintiff's Supporting Affidavits

The Plaintiff's First and Second Affidavits are improper and should be stricken because they seek to supplement and modify Plaintiff's extensive deposition testimony.  Both Affidavits include self-serving assertions not based on the Plaintiff's personal knowledge, contain inadmissible hearsay statements, and fail to demonstrate that the Plaintiff is competent to testify

---

[2] The Plaintiff was granted two extensions of time to file his oppositions, which had originally been due in October 2006.

[3] The Plaintiff submitted a nearly identical Opposition in opposition to the VA's and Dr. Mushrush's Motion for Summary Judgment to which he also attached two additional affidavits which are essentially identical to the First and Second Affidavits.

as to several assertions therein.[4] In addition, there has been no explanation as to why the Plaintiff needed to submit two separate affidavits that supplement, modify, recast and in some cases appear to contradict the testimony he provided during the course of two days of depositions.

The Affidavits are wholly inappropriate and this court is empowered to disregard and strike them. *See* Fed. R. Civ. P.56(g). "A motion to strike is the proper vehicle for challenging the admissibility of information contained in an affidavit." *See Iorio v. Aramark Servicemaster* 2005 WL 3728715 (D. Mass. 2005)(unpublished, Saylor, J.) (*citing* Wright et al., Fed. Practice and Procedure, § 2738, at 372 (3d ed. 1998)). When a party seeks provides a contradictory affidavit, a satisfactory explanation is required before it may be considered. *Torres v. D.I. DuPont De Nemours & Co.,* 219 F.3d 13, 20-21 (1st Cir. 2000); *Colantuoni v. Alfred Calcagni & Sons, Inc.*, 44 F.3d 1, 4-5(1st Cir. 1994) (fact that plaintiff's testimony changed without reasonable explanation even though he had an attorney present at deposition to "clarify any incorrect impressions" warranted striking subsequent affidavit). Only if a subsequent affidavit can be said to clarify previously "opaque" testimony, may it be admitted. *Gillen v. Fallon Ambulance Service*, 283 F.3d 11, 26 (1st Cir. 2002). Implicit in this requirement is the need for the affidavit to include an explanation about which previous testimony is being clarified and the reasons for doing so. The Plaintiff has made no such effort to indicate which of his previous deposition testimony was unclear and why it requires clarification. His Affidavits should accordingly be stricken. *See Colantuoni, supra.*

---

[4] "Under the Federal Rules of Civil Procedure, affidavits 'shall be made on personal knowledge, set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify in the matters stated therein." Fed. R. Civ. P. 56(e); *See Dodi v. The Putnam Companies*, 1996 WL 489998 (1st Cir. 1996) (unpublished).

The Plaintiff's First and Second Affidavits, his LR 56.1 Statement and His Opposition also seek to introduce statements that are not admissible under Fed. R. Evid. 804, 801(d)(2)(D) or any other hearsay exception and should be stricken for this reason as well. *See Garside v. Osco Drug, Inc.,* 895 F.2d 46, 50 (1st Cir. 1990)("Hearsay evidence inadmissible at trial cannot be considered on a motion for summary judgment").  Harvard will set out below specific and numerous examples of the Plaintiff's inadmissible affidavit statements.

Finally, the substantial defects in the Affidavits are compounded by the fact that they are not signed and instead appear to contain an electronic signature, which is not permissible under the Federal Rules of Civil Procedure, or under any Local Rule.  For this reason, they should be stricken in their entirety because an "unsworn statement does not meet requirements of Rule 56(e)." *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 50 (1st Cir. 1990) *citing Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158 n.17 (1970).

## Plaintiff's First Affidavit Sections That Should Be Stricken

The following sections should be stricken from the Plaintiff's two-page unsigned Affidavit, attached to his Opposition ("First Affidavit") as set forth above, and for the following specific reasons:[5]

1. ¶ 2 contains Plaintiff's own opinion and self-serving hearsay statements purportedly made by Dr. Osser, and this appears to be an attempt to recast Plaintiff's previous deposition testimony.  Plaintiff declined to depose Dr. Osser.

2. ¶ 2 (second)[6] contains Plaintiff's own vague, self-serving statements and inadmissible hearsay that fails to identify who required the Plaintiff to design web pages.  Plaintiff's statements of his belief about the design are inadmissible.

3. ¶5 refers to a paragraph that cannot be identified.

---

[5] References to the Plaintiff's First Affidavit, which is Document 46 in the Court docket, will appear as "¶ xx"
[6] There are two paragraphs numbered "2" in the Plaintiff's First Affidavit.

4. ¶ 6 contains an inadmissible, improper and self-serving statement about the Plaintiff's feelings.

### Plaintiff's Second Affidavit Sections That Should Be Stricken

The Plaintiff's six-page affidavit submitted with his LR 56.1 Response (the "Second Affidavit") is a wholly improper series of self-serving responses, reactions, opinions and speculation concerning the Defendant Harvard's LR 56.1 statement. As such, it does not comply with Fed. R. Civ. P. 56(e) and LR 56.1 and should be stricken in its entirety. Plaintiff has also failed to present a preponderance of the evidence or a legal basis for establishing the existence of an agency relationship between Harvard and Dr. Mushrush pursuant to FRE 801(d)(2)(D), or that any of her statements were made during the relationship and that they were made during the course of employment. *See Iorio v. Aramark Servicemaster,* 2005 WL 3728715 (D. Mass, Saylor)(unpublished), *citing Gomez v. Rivera Rodriguez*, 344 F,3d 103, 116 (1st Cir. 2003)(regarding admissibility of employee statements).

Plaintiff also refers to documents that are not attached to the affidavit. "Copies of all referenced documentation shall be filed as exhibits to the motion or opposition." L.R. 56.1. Furthermore, individual sections of the Second Affidavit should be stricken as follows for the following reasons:[7]

1. Page 1, ¶6 refers to a document that the Plaintiff has not attached and about which the Plaintiff provided no testimony during his deposition since there was evidence that he received a fellowship during his residency, and he testified that he worked for Harvard elsewhere while in residency training at the Brockton VA.

2. Page 1, ¶12 contains new, contradictory testimony that Plaintiff was shown only positive evaluations.

---

[7] References to Plaintiff's Second Affidavit, which is Document 46 in the Court docket, will appear as "Page , ¶" which refer to the page and paragraph number.

3. Page 1, ¶14 consists of speculation and opinions not based on first hand knowledge concerning other Indian physicians.

4. Page 1, ¶23 contains irrelevant and inadmissible statements about Plaintiff's purported knowledge about patient complaints and new unexplained testimony about his attendance.

5. Page 2, ¶ 24 consists of new testimony not provided during his deposition.

6. Page 2, ¶26 contains inadmissible hearsay statements the Plaintiff attributes to more than 40 females.

7. Page 2 ¶29 contains inadmissible hearsay statements.

8. Page 2 ¶31 contains hearsay, opinion, and relies on a new document never produced by the Plaintiff in discovery.

9. Page 2, ¶32 contains inadmissible hearsay, statements of opinion and self-serving, post-deposition assertions concerning his performance and the basis for his evaluations.

10. Page 2, ¶33-35 contains inadmissible hearsay, statements of opinion and self-serving, post-deposition assertions concerning his performance and the basis for his evaluations.

11. Page 3, ¶39 contains statements of opinion and self-serving, post-deposition assertions and conclusions that constitute new testimony.

12. Page 3, ¶40 contains inadmissible hearsay, statements of opinion and self-serving, post-deposition assertions disputing the basis for criticism of his performance, which constitute new testimony.

13. Page 3, ¶41 contains inadmissible hearsay, statements of opinion and self-serving, post-deposition assertions that are inconsistent with deposition testimony (Pl. Dep. pp 168-69). The Plaintiff declined to ask Dr. McCarley about the basis of his opinion during his deposition and declined to depose Dr. Swett.

14. Page 4, ¶42 contains inadmissible hearsay, statements of opinion and self-serving, post-deposition assertions including new assertions about a heretofore unknown "research track" and a promise of protected "research time."

15. Page 4, ¶43 contains inadmissible statements of opinion and other self-serving, post-deposition assertions.

16. Page 4, ¶45 contains what appears to be Plaintiff's changed testimony about the reasons for his answer to the Board of Registration of Medicine.

17. Page 4, ¶46 contains inadmissible hearsay, including statements of opinion and speculation about Dr. Swett's knowledge.

18. Page 4, ¶47 contains inadmissible statements of opinion about his fellowship.

19. Page 5, ¶50 contains inadmissible speculation about what was "unlikely."

20. Page 5, ¶52 contains improper statements of opinion about records that he claims exist, but have not been "produced" which constitute new, self-serving, post-deposition assertions.

21. Page 5, ¶63 contains outrageous speculation about communications between Dr. Mushrush and her attorney. Also these include statements of opinion which are self-serving, post-deposition assertions.

22. Page 5, ¶66 contains new, self-serving testimony which does not appear to be supported by record documents.

23. Page 5, ¶69 contains an improper, unsupported and inadmissible conclusory statement that Dr. Mushrush was a representative of Harvard; he also presents a misleading allegation when he testified that he did not complain of discrimination to his supervisor, and did not remember filing a complaint with Harvard.

24. Page 5, ¶71 contains inadmissible hearsay, contradictory statements and statements of opinion about the promotions committee being "misinformed" and contains new, self-serving, post-deposition assertions.

25. Page 5, ¶75 contradicts the documentary evidence as to whose behalf Dr. Mushrush was acting, and contains inadmissible and inappropriate legal conclusions, and self-serving, post-deposition assertions, and improper conclusions that Dr. Mushrush was a representative of Harvard. It also contains a vague statement about an internal complaint about which the Plaintiff has made no previous allegation or claim (other than a complaint unrelated to discriminatory conduct).

26. Page 6, ¶81 fails to lay appropriate foundation for the hearsay statements and admissions against Harvard.

27. Page 6, ¶100 contains a self-serving statement about his medical history about which he has provided no medical records, testimony or other admissible evidence.

    **B. LR 56.1 Response**

Rather than setting forth a concise statement of material facts of record as which it is contended that there exists a genuine issue to be tried, the Plaintiff's LR 56.1 Response consists

of paragraph-by-paragraph reactions to, admissions and denials of Harvard's Rule 56.1 Statement of Material Facts.  In many instances, the Plaintiff cites to record exhibits that are not attached to the LR 56.1 Response (i.e., ¶6 "HU0020"), refers only to his two new Affidavits (which should be stricken for the reasons set forth above), and relies on documents that do not support the proposition for which they are cited.  Where the Plaintiff's LR 56.1 Response is based on any such reference, it should be stricken.

The Plaintiff's response also must be stricken to the extent it contains "conclusory allegations, improbable inferences and unsupported speculation." *See Cochran v Quest Software, Inc.*, 328 F.3d 1, 6 (1st Cir. 2003).  "To the extent that [Plaintiff] has failed to present supported facts that controvert the factual assertions contained in [Defendant's] Local Rule 56.1 Statement, the court will deem the defendant's facts admitted."  *Rodio v. R.J. Reynolds Tobacco Co.*, 416 F. Supp. 224, 227 (D. Mass. 2006).

In those frequent instances, set out in more detail below, where Plaintiff's LR 56.1 Response makes conclusory allegations and claims that are not supported by citations to the record, they should be stricken or deemed admitted.  *See Brown v. Armstrong,* 957 F. Supp 1293, 1297 (D. Mass. 1997)(denying motion to strike, but deeming all facts in Defendant's LR 56.1 Statement admitted).  These include Plaintiff's conclusory assertions about Dr. Mushrush's status as an "agent" or representative of Harvard, speculation about what occurred in meetings he did not attend, challenges to the veracity of documents produced in discovery about which he did not testify, or provided different testimony during his depositions.  *See Garside v. Osco Drug, Inc.,* 895 F.2d 46, 50 (1st Cir. 1990)("Hearsay evidence inadmissible at trial cannot be considered on a motion for summary judgment.")

The Defendant President and Fellows of Harvard College moves to have the LR 56.1

Response stricken in its entirety, or in the alternative as to the following sections:

1. ¶1. Allegations concerning the source of Plaintiff's pay, and Dr. Mushrush's testimony about a "Harvard Psychiatry Department at the VA" are based on documents not presented to the Court and refer to new documents apparently not produced to Defendant in discovery or attached.

2. ¶¶1, 6, 8, 10 various pages, there is record evidence that the Plaintiff was compensated for his work in the Brockton VA South Shore Psychiatric, but there is no record evidence as to whether or when this was in connection with his unrelated employment at other Harvard-affiliated facilities or through third-party fellowships.

3. ¶6. The citation to which Plaintiff refers does not support the proposition that "only" Harvard faculty is authorized to supervise residents, and deposition testimony confirmed that Boston University Faculty participated. The assertion in the final sentence is based on Plaintiff's Second Affidavit and references documents not presented to the Court.

4. ¶14. The Plaintiff's unsworn statement about the percentage of the Program staff of Indian extraction and other issues is inadmissible hearsay, without record support.

5. ¶24. This allegation relies on Plaintiff's hearsay statements contained in his Second Affidavit.

6. ¶27. This contains hearsay concerning what information was provided to the committee. Plaintiff declined to depose committee members who agreed to place him on probation, including the member who believed that Dr. Badgaiyan should have been dismissed from the program.

7. ¶29. Plaintiff declined to depose Dr. Bolton or subpoena records from the McLean Hospital.

8. ¶30. Plaintiff both admits, denies and "doubts" the veracity of statements, having declined to depose the declarant.

9. ¶¶33-35. Plaintiff declined to depose Dr. Osser and now seeks to challenge his credibility, as well as supplement and recast his deposition testimony.

10. ¶¶39. Plaintiff declined to depose Dr. Gurrera and cannot challenge the veracity of his report through an unsigned, unsworn affidavit.

11. ¶ 40. Plaintiff declined to depose Dr. Gurrera and cannot challenge veracity of his report through an unsigned, unsworn affidavit.

12. ¶41. Plaintiff has no firsthand knowledge of this subject matter and he did not depose Dr. Swett about the Plaintiff's performance (McCarley Dep. pp 87-88).

13. ¶42. Plaintiff's affidavit challenges other testimony that was available to him at the time of his deposition.

14. ¶43. Plaintiff did not testify that he passed the oral examination, and Plaintiff declined to depose the others who tested him.

15. ¶44. "Plaintiff has reasons to believe that neither his performance nor the probation was discussed in the training committee as claimed by Dr. Mushrush." Plaintiff did not attend the meetings and declined to depose any other physicians who wrote to the Plaintiff about the committee meetings. He cannot rely on speculation to challenge their veracity.

16. ¶46. There is no citation to, and no actual record evidence supporting this contention.

17. ¶47. The allegations depend entirely on Plaintiff's post deposition, unsigned, unsworn statement.

18. ¶50. Plaintiff points to no admissible evidence other than his own speculation and he declined to depose or ask questions of attendees of the committee meeting about what occurred.

19. ¶51. Plaintiff's allegations are based purely on inadmissible totem pole hearsay.

20. ¶52. There is no record evidence supporting his contention that Drs. McCarley and Swett were misinformed and this assertion is based on speculation. Plaintiff failed to depose Dr. Swett[8] and Dr. McCarley's testimony contradicts this assertion. (McCarley Dep. pp. 87-88).

21. ¶60. Contains conclusory allegations regarding the causes of Plaintiff's anxiety and sickness, without medical foundation.

22. ¶63. Contains inadmissible speculation about whether or not Dr. Mushrush sent document to the VA's district counsel before submitting it to the EEOC.

23. ¶68. Contains the Plaintiffs attempt to change his testimony without explaining why he was unable to do so during or shortly after his deposition.

24. ¶70. There is no record evidence supporting his contention as to what information Dr. Swett had or that he was misinformed, and this assertion is based only on speculation. Plaintiff failed to depose Dr. Swett.

25. ¶71 Plaintiff's statements that he "has reasons to believe" concern inadmissible hearsay and speculation.

26. ¶74. Plaintiff's assertions concerning prior complaints are not supported by record evidence.

---

[8] Dr. Swett was included in the Plaintiff's original list of proposed deponents submitted to this Court.

His contention that he filed an internal complaint omits the fact that his "internal complaint" to Harvard contradicted his VA charge because his informal Harvard complaint contained no allegations of unlawful discrimination or racial or national origin bias.

27. ¶76. Plaintiff's assertion contains a conclusion of law as to agency that is unsupported by any fact other than Plaintiff's conclusory and inadmissible Affidavit statements.  No record evidence supports the contention that Harvard was "the person named in the complaint."

28. ¶77. Plaintiff's claim that Dr. Mushrush represented Harvard is a conclusory allegation, not supported by any admissible evidence.  This allegation is inconsistent with Plaintiff's deposition testimony during which he did not testify to this fact. It is also contradicted by the only record testimony on this subject matter which was given by Dr. Robert McCarley who indicated that he was Harvard's representative to the VA Brockton program.

29. ¶80. Plaintiff's allegation concerning other offensive comments does not cite any record evidence.

30. ¶ 83. Plaintiff's denial and allegation represents a mischaracterization of Dr. Mushrush's testimony.  Plaintiff did not provide a complete copy of all of the testimony cited to the Court.

31. ¶86.  The Plaintiff cites no record evidence to support his contention.

32. ¶87.  The Plaintiff makes inadmissible and conclusory statements about the accuracy of "complaints," Dr. Mushrush's knowledge and what information is important to the "board."

33.  ¶89. Contains inadmissible hearsay statements.

34. ¶96. The Plaintiff cites no record evidence to support his contention.

35. ¶100.  The Plaintiff makes inadmissible statements about the cause of his "sickness" and provides no medical evidence or foundation as to his medical history.

### C. Portions of Plaintiff's Opposition to The Motion for Summary Judgment That Are Improper and Should Be Stricken

All references to "exhibits" to the Opposition should be stricken because no exhibits were attached, or if they were, they have not been served on the Defendants.  Furthermore, because of Plaintiff's confusing references to exhibits to his Opposition, LR 56.1 Response and Affidavits, it is impossible to ascertain which exhibits he is referencing.  Also, Pages 21-26 of the

Opposition exceed the 20-page limit, pursuant to LR 7.1(B)(4).  Finally, all references to inadmissible portions of Plaintiff's LR 56.1 Response and Affidavits should not be considered by the Court.  In addition, the following statements should be stricken from the Opposition:

1. Page 6: "Mushrush testified that all of the plaintiff's supervisor [sic] complaint about his attitude and performance."  There is no citation and this is contention is not supported.

2. Page. 6, ¶29: "Moreover there are doubts about the veracity of the evaluation of Dr Bolton that rated the plaintiff's performance as marginal to satisfactory.  The defense has produced two different versions of this evaluation and there is evidence that this evaluation was tampered with."  The Plaintiff failed to depose Dr. Bolton and cannot now be heard to challenge the veracity of the written evaluation failing Dr. Badgaiyan and Dr. Bolton's subsequent letter refusing to re-admit him to the McLean Hospital program for a "remedial rotation" because of his poor attitude.  (BRM0126).

3. Page 7, ¶.  "The defendants produced an evaluation of a supposed 2-week rotation with Dr. Osser at Taunton State Hospital (BRM0130).  The plaintiff never had this two-week rotation."  The Plaintiff seeks to recast his deposition testimony, and no record evidence supports this allegation.

4. Page 8, ¶ "The defense has also produced supposed complaint of Dr Gurrera. These complaints were never shown to the plaintiff during his training and the defense has not produce evidence to suggest that [sic] veracity of these complaints."  The Plaintiff failed to depose Dr. Gurrera and relies only on his new Affidavit statement to recast his unsupported challenge to Dr. Gurrera and others' veracity.

5. Page 14.   "Moreover, the plaintiff specifically named Dr. Mushrush and identified her [sic] the Director of the program, which is jointly operated by the VA and Harvard and she is an agent of both entities [sic] fully participated in the EEOC proceedings."   The Plaintiff cites to no record evidence supporting his inadmissible and conclusory contention that Dr. Mushrush was an agent of Harvard or that he identified Harvard as a party in the federal sector EEO proceedings.  Furthermore, he cites to no legal authority supporting this contention that she was an agent or that even if he had named Harvard, his Title VII exhaustion requirement could be met as to a private entity by filing a public sector EEO grievance.

6. Exhibits 10, 11 and 14, to the Plaintiff's Opposition have not been produced by the Plaintiff in discovery, as required pursuant to the Court's discovery order of  September 14, 2005.

**Request for Relief**

For all of the foregoing reasons, Defendant Harvard University moves this Court to strike, in whole or part, Plaintiff's Response to Harvard's Local Rule 56.1 Statement of Material Facts, and Plaintiff's Two Supporting Affidavits, as well as portions of the Plaintiff's Opposition to the Motion for Summary Judgment Filed By Defendant President and Fellows of Harvard College. In the Alternative, Harvard moves that its LR 56.1 Statement be deemed admitted[9] and that Summary Judgment pursuant to Fed. R. Civ. P. 56(c) be granted in favor of Harvard University.

Respectfully submitted,
Defendant, President and Fellows of
Harvard College,
By its attorneys,

/s/  Daniel S. Field
Robert P. Joy, Esq.  (BBO No. 254820)
Daniel S. Field, Esq. (BBO No. 560096)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA 02109-2605
Date:   January 16, 2007                    (617) 523-6666

---

[9] "Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties." LR 56.1. *See also* Fed. R. Civ. P. R. 56(e).

**Certificate of Service**

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 16, 2007.

      /s/ Daniel S. Field
      Daniel S. Field