UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAJENDRA D. BADGAIYAN, M.D., )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>ANTHONY J. PRINCIPI, Secretary, )<br>Department of Veterans' Affairs; )<br>President and Fellows of )<br>HARVARD COLLEGE; and )<br>GRACE J. MUSHRUSH, M.D., )<br>)<br>Defendants ) | C.A. No. 04-12031-JLT |

**PLAINTIFF'S OPPOSITION TO HARVARD'S MOTION TO STRIKE**

Introduction

   No one disputes the proposition that "a litigant may not defeat summary judgment by submitting an affidavit that, without plausible explanation, contradicts his own prior deposition testimony." Colantuoni v. Alfred Calcagni & Sons, Inc., 44 F.3d 1, 4-5 (1st Cir.1994).

   It is respectfully submitted that the plaintiff has taken pains not to so manufacture genuine issues of material fact. Indeed, the most Harvard alleges is that the plaintiff's affidavits "in some cases appear to contradict the testimony he provided during the course of two days of depositions." (Harvard's Memorandum, page 4).

   Nor is the mere submission of affidavits opposing summary judgment somehow suspect. The court in weighing a motion for summary judgment may review "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any..." Fed.R.Civ.P.

56(c).

While the Court is free to disregard vague or contradictory affidavits, Colantuoni, supra, a party may appropriately offer a supplemental affidavit, Sullivan v. City of Augusta, 406 F.2d 92, 117 (D.Me.2005) (supplemental affidavit acceptable although contained additional, more specific information than found in affiant's deposition testimony or answers to interrogatories, but was not contradictory). As well, "[s]tate of mind is difficult to prove and great circumspection is required where summary judgment is sought on an issue involving state of mind." Hahn v. Sargent, 523 F.2d 461, 468 (1st Cir.1975). Thus, the Court must indulge all inferences favorable to the party opposing the motion. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

As detailed, infra, each of the assertions in the plaintiff's affidavits are made on personal knowledge, setting forth such facts as would be admissible in evidence and showing that he is competent to testify as to the matters stated therein, in conformance with Fed.R.Civ.P. 56(e).

Where appropriate, the plaintiff has conceded that all or part of a particular paragraph may be stricken.

Plaintiff's First Affidavit

Plaintiff herein addresses each of the paragraphs in his first affidavit which Harvard seeks to strike:

Paragraph 2 may indeed be self-serving, but appropriately seeks to minimize the impact of of any adverse reports or evaluations by Dr. Osser by stating, on the plaintiff's own personal knowledge, the very limited time he spent under Dr. Osser's tutelage. Dr. Osser's statements, as recounted by the plaintiff, bear on the plaintiff's state of mind, i.e., that to his knowledge he was doing well in that rotation. This is consistent with the plaitniff's position that he was not given

timely feedback or an opportunity to review his evaluations. To the extent that plaintiff merely refers to "available" patient records, that sentence may be struck.

Paragraph 2 (same number inadvertently used twice in plaintiff's first affidavit) refers to a document (Exhibit 11, the letter directing the plaintiff to prepare a website). This is consistent with the plaintiff's position that he alone of all fellows was required to do a non-professional task.

Paragraph 5 is vague and may be stricken.

Paragraph 6 is the perfectly permissible statement by the plaintiff of his state of mind, i.e., of the insult and humiliation he felt as a result of comments by Dr. Mushrush about physicians of Indian origin.

Plaintiff's Second Affidavit

Paragraph 6 reflects the plaintiff's personal knowledge that he received paychecks from Harvard University during three of his four years of residency.

Paragraph 12 is perhaps unclear, but refers to evaluations that emerged during discovery. Plaintiff stands by his oft-stated position that he was not shown evaluations during his residency despite his request for same.

Paragraph 14 is based upon the plaintiff's observations of the racial and ethnic makeup of residents during his tenure. The second sentence may be somewhat speculative and may be stricken.

Paragraph 23 is based upon the plaintiff's first hand knowledge, i.e. of the scheduling routine and that he was not made aware of any patient complaints or shown any, and that at least four patients wrote letters of appreciation.

Paragraph 24 is based upon the plaintiff's first hand knowledge about his attendance. Harvard points to no contradictory earlier testimony.

Paragraph 26 is based upon the plaintiff's first hand knowledge, i.e., that none of the forty odd female supervisors mentioned to him that he appeared to have a problem working with women.

Paragraph 29 is based upon the plaintiff's first hand knowledge, i.e., that he was never told about problems during his training. That other supervisors explicitly told him he did follow orders bears on the plaintiff's state of mind, i.e., that he thought he was doing well in his training.

Paragraph 31 presents a document relevant to refuting a contention in the like numbered statement of facts submitted by Harvard and agains bears on the plaintiff's state of mind, i.e. that he thought he was doing well in his training. It also presents the plaintiff's first hand knowledge that his interaction with Dr. Kiota was limited because Dr. Mufson was his supervisor during a particular rotation.

Paragraph 32 reflects the plaintiff's first hand knowledge and belief that he was never advised that he had to report to Dr. Naqui.

Paragraphs 33-35 again legitimately seeks to minimize the impact of any adverse report by Dr. Osser by stating the plaintiff's first hand knowledge as to the short time he spent under Dr. Osser's supervision.

Paragraph 39 states the plaintiff's contradiction of Dr. Guerra's report and legitimately reflects his own beliefs in the quality of his performance. This is utterly consistent with his deposition defense of his handling of the patient in question.

Paragraph 40, in its first sentence, reflects the plaintiff's first hand knowledge and belief. The last sentence does appear to be hearsay and may be stricken.

Paragraph 41, in its first sentence, reflects the plaintiff's first hand knowledge, i.e., that he never had a two week rotation with Dr. Osser and never saw the evaluations before the institution of the instant lawsuit.

Paragraph 42 bear on the plaintiff's state of mind, in regard to assurances he claims were given him by Dr. Mushrush.

Paragraph 43 permissibly refutes contentions made in Harvard's Motion for Summary Judgment and are consistent with the plaintiff's deposition testimony. The last sentence appears to be speculative and may be stricken.

Paragraph 45 reflects the plaintiff's state of mind, i.e, why he answered "no" to a question on the Board of Registration in Medicine application (because Dr. Mushrush had told him to "forget" about the purported probation and had not mentioned it herself in numerous intervening applications to the Board). Harvard does not point out any contradictory earlier testimony.

Paragraph 46 is speculative and may be stricken.

Paragraph 47 reflects the plaintiff's first hand knowledge, i.e., how he was selected for a prestigious DuPont fellowship.

Paragraph 50 is speculative and may be stricken.

Paragraph 52 reflects the plaintiff's analysis of the evaluations sent by Dr. Mushrush to the Board of Registration in Medicine, i.e., that most were good.

Paragraph 63 is speculative and may be stricken.

Paragraph 66 reflects the plaintiff's memory of his conversation with the VA counsel and is consonant with the report filed by said counsel which lists the documents provided her by the plaintiff. (Exhibit 16)

Paragraph 69 refelcts the plaintiff's understanding and belief that Dr. Mushrush was also a stand in for Harvard.

Paragraph 71 is speculative and may be stricken.

Paragraph 75 reflects the knowledge and understanding of the plaintiff as he navigated through the internal complaint process and why he filled in the complaint form as he did. To the extent that he concludes that Dr. Mushrush was an agent or representative of Harvard, it is a fair inference.

Paragraph 81 reflects the plaintiff's state of mind, i.e., that he was told of negative comments about him made by Dr. Mushrush and that he heard Dr. Mushrush make other derogatory comments about him.

Paragraph 100 reflects his first hand knowledge of his own medical condition and his treating physician's report.

Plaintiff's Response to Harvard's Rule 56.1 Statement

Paragraph 1 refers in part to documents in existence today (Harvard's website) and were adduced to refute assertions made by Harvard in its Motion for Summary Judgment. It also refers to the exhibit referenced in the like numbered paragraph of Harvard's statement of facts (Ex. 2 from McCarley deposition, the Affiliation Agreement).

Paragraphs 1,6,8 & 10 legitimately highlight different portions of the Affiliation Agreement

Paragraph 6 legitimately highlights different portions of the Affiliation Agreement.

Paragraph 14 reflects the plaintiff's first hand observation of the racial and ethnic composition of the trainees during his tenure in the program. The balance of this paragraph appears to be speculative and may be stricken.

Paragraph 24 again reflects the plaintiff's first hand knowledge of his own attendance during his training.

Paragraph 27 accurately reflects the plaintiff's observations on the three versions of the promotion committee's minutes.

Paragraph 29 reflects the plaintiff's first hand knowledge of his experience during the rotation with Dr. Bolton.

Paragraph 30 is somewhat vague, but is not inconsistent with the referenced deposition testimony of the plaintiff.

Paragraphs 33-35 again try to minimize the impact of a negative evaluation by Dr. Osser by stating the plaintiff's own first hand knowledge of his rather limited time under Dr. Osser's supervision. To the extent that this response refers to 'available" patient records, it may be stricken.

Paragraph 39 contradicts Dr. Guerra's report, not any prior testimony of the plaintiff. Plaintiff's affidavit was signed, electronically, and is binding upon him.

Paragraph 40 contradicts Dr. Guerra's report, not any prior testimony of the plaintiff. Plaintiff's affidavit was signed, electronically, and is binding upon him.

Paragraph 41 reflects the plaintiff's first hand knowledge of the duration and location of his own rotations during his training. The sentence beginning "In addition, among other misinformation..." appears speculative and may be stricken.

Paragraph 42 is plaintiff's refutation of a point made in Harvard's Motion for Summary Judgment, and is based upon his own first hand experience.

Paragraph 43 reflects plaintiff's averaging of the oral examination papers and his contention

that if averaged correctly, he passed. Plaintiff has consistently claimed that the first oral examination was given under irregular circumstances, in that he was not given the proper time to examine the patient. This is confirmed by Harvard's own statement number 43 ("The test was not properly administered...")

    Paragraph 44 is speculative and may be stricken.

    Paragraph 46 is specualtive and may be stricken.

    Paragraph 47 is based upon the plaintiff's first hand knowledge of the circumstances leading to his being awarded the DuPont Fellowship.

    Paragraph 50 reflect the plaintiff's first hand knowledge. The sentence beginning "It is unlikely..." appears to speculative and may be stricken.

    Paragraph 51 reflects the plaintiff's personal experience with Dr. Mushrush.

    Paragraph 52 reflects the plaintiff's first hand knowledge of his performance and feedback during his training. The first two sentences are speculative and may be stricken.

    Paragraph 60 reflects the plaintiff's first hand understanding of the stressors affecting his own medical condition.

    Paragraph 63 is speculative and may be stricken.

    Paragraph 68 is based upon the plaintiff's first hand knowledge. He explains "[t]he phrase 'keep doing' in [my] deposition refers to this request." The plaintiff states his knowledge of his attendance and performance during his training.

    Paragraph 70 is speculative and may be stricken.

    Paragraph 71 is speculative and may be stricken.

    Paragraph 74 refers to Dr. Savu, about whom Dr. Mushrush was deposed. The plaintiff

does speculate that her supervisors' complaints were not reported to the Board, and that sentence may be struck. The plaintiff adduced the document reflecting his fine performance on the PRITE exam.

Paragraph 76 is conclusory on the part of the plaintiff and may be stricken.

Paragraph 77 is conclusory on the part of the plaintiff and may be stricken.

Paragraph 80 is not contradictory to the plaintiff's testimony, but does not offer any new facts and is of questionable relevance, and so may be stricken.

Paragraph 83 accurately reflects Dr. Mushrush's testimony; she was offered the opportunity at her deposition to distinguish between probation and discipline. Plaintiff appended the relevant deposition excerpt.

Paragraph 86 reflects the plaintiff's first hand knowledge of his dealings with the Board of Registration in Medicine.

Paragraph 87 accurately reflects the fact, per Dr. Mushrush's own deposition testimony, that the plaintiff's purported probation was not noted by Dr. Mushrush in several subsequent submissions (for limited licenses) to the Board.

Paragraph 89 points out relevant portions of Dr. Mushrush's deposition testimony. The first sentence is at least relevant as bearing on the plaintiff's state of mind and mental distress.

Paragraph 96 is a fair, permissible inference.

Paragraph 100 reflects the plaintiff's first hand knowledge of the stressors in his life and his own medical history.

<u>Portion of the Opposition Harvard Seeks to Strike</u>

Page 6 ("Mushrush testified..."): reflects Dr. Mushrush's "email probation" to the plaintiff, in

which she stated that "your behavior does not endear you to any of the faculty... you announce upon arrival at each rotation that you don't care about clinical psychiatry and that you don't want to be on the rotation in the first place."

Page 6 ("Moreover there are doubts...") reflects the plaintiff's view that the evaluation was unfair, based upon only two days' work during his four years of training.

Page 7 ("The defendants produced an evaluation...") states the plaintiff's first hand knowledge that he never had the two week rotation in question.

Page 8 ("The defense has also produced..."): states the position of the plaintiff that he was never shown this complaint at the time; plus, as at his deposition, he disputed the accuracy of Dr. Guerra's account.

Page 14 ("Moreover, the plaintiff specifically named Dr. Mushrush..."): The plaintiff is arguing a fair inference here; of course, it is up to the trier of fact to decide.

Exhibits 10, 11 and 14: These exhibits were proffered to refute contentions made by Harvard in its Motion for Summary Judgment. Harvard has not argued that these documents are so germane to central issues of the case that it is prejudiced by their inclusion in the plaintiff's Opposition.

WHEREFORE, the plaintiff prays that Harvard's Motion to Strike be denied, other than in those instances where the plaintiff has conceded that certain portions of his affidavits may be stricken.

    Respectfully submitted,
    the plaintiff,
    by his attorney:

    /s/ Gregory R. Barison
    ----------------------------

>Gregory R. Barison
>BBO # 029340
>Weston Patrick
>84 State Street / 11th Floor
>Boston, MA 02109
>(617) 742-9310 / fax: (617) 742-5734

date: January 31, 2007

Certificate of Service

I, Gregory R. Barison, certify that on January 31, 2007, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to defendants by electronically serving their counsel of record.

>_____/s/ Gregory R. Barison