UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RAJENDRA D. BADGAIYAN, M.D., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 04-12031-JLT |
| | * | |
| ANTHONY J. PRINCIPI, Secretary, | * | |
| Department of Veterans Affairs; | * | |
| President and Fellows of HARVARD | * | |
| COLLEGE; and GRACE J. MUSHRUSH, | * | |
| M.D., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

May 21, 2007

TAURO, J.

Rajendra Badgaiyan (the "Plaintiff"), brings this action against Defendants, Anthony Prinicipi as Secretary of the Department of Veterans Affairs, the President and Fellows of Harvard College, and Grace Mushrush, M.D., alleging Title VII discrimination, hostile work environment, retaliation, breach of contract, and tort claims against all Defendants. Presently at issue are Defendants' motions for summary judgment.

COUNT I - DISCRIMINATION ON ACCOUNT OF RACE AND NATIONAL ORIGIN

Plaintiff fails to establish a prima facie case of discrimination because he is unable to demonstrate that he suffered any materially adverse employment action as a result of Dr.

Mushrush's alleged conduct.[1] Plaintiff alleges that Dr. Mushrush improperly placed him on probation without affording him the proper procedural safeguards. And Plaintiff alleges that Dr. Mushrush reported his probation to the Massachusetts Board of Registration in Medicine ("the Board") after telling Plaintiff it was of no consequence.

But Plaintiff's probation, even if undeserved, was immaterial. In order to be materially adverse, conduct must be more disruptive than "a mere inconvenience or an alteration of job responsibilities."[2] As the First Circuit has noted, an adverse employment action generally involves "a discrete change in the terms and conditions of employment, such as 'hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits.'"[3]

Here, Plaintiff's probation had no significant effect on his duties, his benefits or his ability to complete the program. Plaintiff was promoted within and then graduated from the Harvard South Shore Psychiatric Residency Training Program. Dr. Mushrush supported Plaintiff's application to the Board and recommended him for license.[4] As such, Plaintiff's probation was

---

[1] Under the McDonnell Douglas burden-shifting framework, the second part of a prima facie case requires that the plaintiff establish that he suffered an adverse employment action–one that materially changed the conditions of his employment. See Gu v. Boston Police Dep't, 312 F.3d 6, 14 (1st Cir. 2002).

[2] De Jesus v. Potter, 211 Fed. Appx. 5, 9 (1st Cir. 2006); See also Blackie v. State of Me., 75 F.3d 716, 725 (1st Cir. 1996) ("Work places are rarely idyllic retreats, and the mere fact that an employee is displeased by an employer's act or omission does not elevate that act or omission to the level of a materially adverse employment action.").

[3] De Jesus, 211 Fed. Appx. at 9 (quoting Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998)).

[4] The Dep't of Veteran Affairs Local Rule 56.1 Statement of Material Facts ¶ 7.

insufficient to constitute an adverse employment action.[5]

The Board refuses to grant Plaintiff a medical license because he has not satisfied the Board's conditions for licensure, including monitoring, psychotherapy, group therapy, and regular meetings with three monitoring physicians.[6]  This reason is distinct from and unrelated to Dr. Mushrush's alleged conduct towards Plaintiff.  As Plaintiff has suffered no materially adverse action as a result of Dr. Mushrush reporting Plaintiff's probation to the Board, this action cannot support a discrimination claim.  Summary judgment is allowed on Count I.

COUNT II - HOSTILE WORK ENVIRONMENT

Plaintiff alleges that his supervisor, Dr. Mushrush, made disparaging remarks about physicians of Indian origin and about the quality of medical institutions and medical education in India.  Plaintiff avers that Dr. Mushrush made five to ten such comments over the course of three years.[7]

These comments are not sufficiently severe or pervasive enough to support a claim of hostile work environment.[8]  Accordingly, summary judgment is allowed as to Count II.

---

[5] Fjelsta v. Zogg Dermatology, No. 04-1717, 2006 WL 475283, at *5 (D. Minn. Feb. 28, 2006) ("The negative connotations associated with [plaintiff's] placement on probation are insufficient to transform it into an adverse employment action.").

[6] Def. Harvard's Concise Statement of Undisputed Material Facts in Supp. of its Mot. for Summ. J., Pursuant to Local Rule 56.1, Ex. Tab 3, Pl.'s Dep. 257.

[7] The Department of Veteran Affairs' Local Rule 56.1 Statement of Material Facts, Ex. 21, Pl.'s Dep. 100:2-22.

[8] See Kosereis v. Rhode Island, 331 F.3d 207, 216 (1st Cir. 2003); Chamberlin v. 101 Realty, Inc., 915 F.2d 777, 783 (1st Cir. 1990) (expressing doubt that five inappropriate sexual remarks in a four to five week span is sufficient to create a hostile work environment).

COUNT III - RETALIATION

Plaintiff asserts that Dr. Mushrush retaliated against him for filing an internal EEO complaint by telling the Board that Plaintiff had been placed on probation. Even if this did constitute a materially adverse action, Plaintiff's retaliation claim still fails because the time period between his EEO complaint, which he filed in October 2002, and the alleged retaliatory action which occurred in the Spring of 2004 is too remote to infer a causal connection between the protected activity and the adverse employment action.[9] As a result, summary judgment shall enter on Count III.

Because the court has allowed summary judgment on Counts I, II and III on other grounds, it need not consider Defendant Harvard College's arguments that Plaintiff's Title VII claims against Harvard College are procedurally barred as a result of Plaintiff's failure to exhaust his administrative remedies.

> COUNT IV - BREACH OF CONTRACT,
> COUNT V - INTERFERENCE WITH ADVANTAGEOUS RELATIONS,
> COUNT VI - DEFAMATION
> COUNT VII - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

As discussed in open court at the May 17, 2007, motion hearing, Plaintiff has agreed to drop Counts IV, V, VI and VII.

For these reasons, the Department of Veteran Affairs' Motion for Summary Judgment [#39] and Defendant President and Fellows of Harvard College's Motion for Summary Judgment

---

[9] See Mesnick v. Gen. Elec. Co., 950 F.2d 816, 828 (1st Cir. 1991) (finding nine months between protected activity and adverse employment action too long to infer a causal connection).

<u>as to All Remaining Counts of the Complaint</u> [#36] are ALLOWED.  This case is closed.

    IT IS SO ORDERED.

                                    <u>    /s/ Joseph L. Tauro    </u>
                                    United States District Judge